Michael Anthony **HUGHES**, Appellant

v.

The **STATE** of Texas, Appellee.

No. 05–03–01288–CR.

Court of Appeals of Texas, Dallas.

May 25, 2004.

---

Michael Anthony Hughes, Richmond, TX, pro se.

April E. Smith, Mesquite, TX, for Appellant.

Marisa P. Elmore, Asst. Dist. Atty., William T. (Bill) Hill, Jr., Dallas, TX, for State.

Before Justices WHITTINGTON, LANG and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

Appellant Michael Anthony Hughes pleaded guilty to murder, for which he was assessed punishment at twenty years in prison and a $750 fine. Appellant's sentence was imposed on June 25, 1990. In May 2002, the trial court appointed appellant an attorney to file a motion for DNA testing. Appellant's attorney filed the motion, along with appellant's affidavit. The court ordered the district attorney to deliver the evidence designated in the motion to the court, along with a description of the condition of the evidence. The State filed a response to appellant's motion for DNA testing and stated that the police department had the gun used in the killing, ballistics evidence, and a hip pouch. The State told the court there was no biological evidence subject to DNA testing and that a blood standard and a hair standard, presumably of the victim, were the only biological evidence taken in the case. The State advised that the blood standard could not be located, and a DNA analysis of the hair standard would only have confirmed that the hair had belonged to the victim. There was no other biological evidence with which to compare the results. Although the trial court denied the motion based upon appellant's failure to meet the threshold requirements of Chapter 64 of the Texas Code of Criminal Procedure, the court noted the record appeared devoid of evidence that biological evidence subject to testing existed.

In his sole issue, appellant claims that his court-appointed attorney was ineffective, based on *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim.App.1986). Specifically, appellant claims counsel was ineffective because she did not file a motion "containing statements of fact in support of the motion" as required by Chapter 64. TEX.CODE CRIM. PROC. ANN. art. 64.01(a) (Vernon Supp.2004).

The court of criminal appeals has specifically held that although there is a statutory right, there is no federal or state constitutional right to counsel under Chapter 64. *Winters v. Presiding Judge Of The Criminal District Court Number Three Of Tarrant County,* 118 S.W.3d 773, 774 (Tex. Crim.App.2003). However, it has not decided the specific issue of whether an appellant may raise a claim of ineffective assistance of counsel arising from a hearing under Chapter 64. *See Bell v. State,* 90 S.W.3d 301, 307 (Tex.Crim.App.2002). Two other intermediate courts have held there is no constitutional right to effective assistance of counsel under Chapter 64. *See Morris v. State,* 110 S.W.3d 100, 103 (Tex.App.-Eastland 2003, pet. ref'd); *see also In re Beasley,* 107 S.W.3d 696, 697 (Tex.App.-Austin 2003, no pet.). In an analogous case, the court of criminal appeals has held there is no constitutional right to effective assistance of counsel in a

post-conviction habeas corpus proceeding, even though the statute provided for appointment of counsel. *Ex parte Graves,* 70 S.W.3d 103, 110 (Tex.Crim.App.2002). The court in *Ex parte Graves* held that, "[a]bsent such a constitutional right to counsel, there can be no constitutional right to effective assistance of counsel in a habeas proceeding. Like the Supreme Court and federal courts before us, we decline to turn a legislative act of grace into a constitutional right." *Id.* at 113.

In this case, we conclude that because there is no constitutional right to counsel in a Chapter 64 proceeding, there is no constitutional right to effective assistance of counsel. We join the Eastland and Austin courts in holding that appellant has no right to raise a claim of constitutionally ineffective assistance of counsel in a Chapter 64 proceeding. We overrule appellant's sole issue.

We affirm the order of the trial court.