**Doyle Sherman ARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–04–00034–CR.**

Court of Appeals of Texas, Waco.

May 25, 2005.

Doyle Sherman Ard, Abilene, pro se.

Dale S. Hanna, Johnson County Dist. Atty., Cleburne, for appellee.

TOM GRAY, Chief Justice, dissenting.

If I thought the State would file a mandamus against us for the folly of the majority's order, I would spend the time to fully explain why, in my opinion, this is probably one of the more unreasonable positions I have seen the majority take. Notwithstanding that it is the type of order that results in the needless expenditure of taxpayer resources, it will be easier for the county to spend the money for an appointed attorney to pursue a meritless appeal than to fight the order; so you know what the ultimate result will be.

In summary, the majority reverses this Court's prior unanimous decision[1] and holds that once a trial court *erroneously* appoints counsel for a post-trial DNA motion, the trial court cannot correct that decision. The holding means that once appointed, no matter how frivolous, or without any basis in law or fact the motion for post-conviction DNA testing is, the trial court cannot correct the earlier mistake of appointing counsel, even if the original appointment was done in an attempt to be cautious.

This appeal presents a classic example of why the majority's new decision is wrong.

The sad truth is that because of what the majority does here the good and noble purposes of having post-conviction DNA testing when 1) identity is an issue and 2) there is biological evidence to test are greatly frustrated. Neither issue is present here. As Ard's counsel explained, he is really trying to challenge the jury's determination of guilt, an issue resolved

against him in the trial and earlier appeal. *Ard v. State*, 10–00–00283–CR (Tex.App.-Waco, October 30, 2002) (not designated for publication) (text attached as Appendix B). Identity of the shooter was not an issue. *Id.*

After we denied Ard's motion for the appointment of appellate counsel, Ard filed his brief on the merits of his appeal. I would address the issues raised by Ard. What follows is my opinion on the issues raised by Ard in his brief.

## MEMORANDUM OPINION

Ard appeals the denial of his motion for forensic DNA testing pursuant to Texas Code of Criminal Procedure Chapter 64. *See* TEX.CODE CRIM. PROC. ANN. arts. 64.01–64.05 (Vernon Supp.2004–2005). I would affirm.

*Effective Assistance of Counsel.* In Ard's first issue, he contends that his counsel appointed for Ard's motion failed to render the effective assistance of counsel. *See* U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is no federal or state constitutional right to counsel in proceedings under Chapter 64, and thus no right to the effective assistance of counsel. *Winters v. Presiding Judge*, 118 S.W.3d 773, 774 (Tex.Crim.App. 2003); *Hughes v. State*, 135 S.W.3d 926, 927 (Tex.App.-Dallas 2004, pet. dism'd); *Morris v. State*, 110 S.W.3d 100, 103 (Tex. App.-Eastland 2003, pet. ref'd, untimely filed); *but see Bell v. State*, 90 S.W.3d 301, 307 (Tex.Crim.App.2002) (refraining from deciding issue). Our disposition should not be taken as any inference upon our view of counsel's effectiveness or ineffectiveness in this case. That is simply not

---

1. The full text of that earlier unpublished order is attached as Appendix A and incorporated herein for all purposes.

the issue. I would overrule Ard's first issue.

*Consideration of Appellant's Motion.* In Ard's second issue, he contends that the trial court erred in considering Ard's motion, in that the motion was "legally-defective." Ard invited any error by filing the "legally-defective" motion. *See Charles v. State,* 146 S.W.3d 204, 212–213 & n. 25 (Tex.Crim.App.2004). In any event, the record clearly reflects that the trial court overlooked the defects and addressed the substance of the motion. I would overrule Ard's second issue.

*Denial of Appearance.* In Ard's third issue, he contends that he requested to appear by telephone at the hearing on his motion, and that the trial court denied the request and thus erred. Ard filed a motion captioned "Motion for Appointment of Counsel Pursuant to Article 64, Code of Criminal Procedure." The motion prays, **"WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays this Honorable Court would APPOINT him Counsel under the provisions of **Art. 64.01(c) VAACCP."** In one section of the motion, titled *"APPEARANCE ON THIS MOTION,"* Ard states, **"If this Honorable Court** requires testimony on this Motion, then the Defendant would invoke his right to APPEARANCE BY TELEPHONIC MEANS." We assume without deciding that this pleading put the trial court on notice of Ard's request. *See* Tex.R.App. P. 33.1(a); *Loredo v. State,* 159 S.W.3d 920, 924, 2004 Tex.Crim.App. LEXIS 635, at *9 (Tex.Crim.App. Apr. 7, 2004). However, Ard does not suggest that the trial court found that Ard's testimony was required, and the trial court did not receive any testimony at the hearing; nor did Ard give the trial court any reason why his testimony was required. Ard thus "failed to make the required showing and the trial court is not required, on its own, to seek out the necessary information." *See In re Z.L.T.,* 124 S.W.3d 163, 166 (Tex.2003). I would overrule Ard's third issue.

*Denial of Appointment of Counsel on Appeal.* In his fourth issue, Ard contends that he requested the appointment of counsel on appeal of the denial of his motion for testing, and that the trial court denied the request. Neither a request for counsel on appeal nor a denial of appellate counsel appears in the trial court record. *See* Tex.R.App. Pro. 33.1(a); *Vidaurri v. State,* 49 S.W.3d 880, 886 (Tex.Crim.App. 2001). Further, we have previously addressed his motion to this Court for the appointment of appellate counsel, and denied that request. *See Ard v. State,* 10–04–00034–CR (Tex.App.-Waco June 30, 2004) (order) (not designated for publication) (*see* Appendix A incorporated for all purposes). I would overrule Appellant's fourth issue.

*Conclusion.* Having overruled Ard's issues, I would then affirm the judgment.

### CONCLUSION OF DISSENTING OPINION

This Court addressed the issue addressed by the majority in an order of June 30, 2004 and proceeded with the appeal. I know that this Court does not always get the right answer. But I have seen nothing in the statute that trumps the trial court's inherent authority to correct an earlier erroneous decision, or that trumps the statutory language of whether an appellant is entitled to counsel, at trial or on appeal, or trumps traditional notions of trial practice that a trial court can correct an erroneous ruling, particularly in a situation like this case where the initial ruling was made on the basis of a "legally-defective" motion and upon hearing, after the receipt of evidence, by way of affidavit, and argument of counsel, it is made clear to the trial court that the statutory entitle-

ment to the appointment of counsel has not been met.

To change directions in this appeal now is unwarranted folly. I do not agree with any part of the reasoning, explanation, or result of the abatement order issued by the majority. I dissent.

### APPENDIX A

### June 30, 2004 Order of the Court
### ORDER

PER CURIAM

Doyle Sherman Ard represents himself in this appeal from the denial of his motion for postconviction DNA testing. Ard has filed a third motion for extension of time to file the appellant's brief in which he contends that an extension should be granted because (1) the appeal should be abated for a hearing in the trial court on a motion for appointment of counsel; and (2) he has not yet received a copy of the clerk's record. Because the trial court determined that Ard is not entitled to appointed counsel and because the district clerk has advised the Clerk of this Court that a copy of the clerk's record was mailed to Ard, we will grant the motion only in part, giving Ard additional time to file the appellant's brief.

The trial court granted Ard's request for appointment of counsel in connection with the filing of his motion for postconviction DNA testing under article 64.01 of the Code of Criminal Procedure. In denying the motion for DNA testing however, the court determined that Ard is not entitled to appointed counsel. Article 64.01(c) authorizes such a finding if the court fails to find reasonable grounds for the filing of the motion. *See* TEX.CODE CRIM. PROC. ANN. art. 64.01(c) (Vernon Supp.2004).

This Court has previously recognized that the right to counsel in proceedings under Chapter 64 of the Code of Criminal Procedure is governed solely by statute and that a convicted person has no federal or state constitutional right to counsel in such proceedings. *See Gray v. State*, 69 S.W.3d 835, 837 & n. 2 (Tex.App.-Waco 2002, order). Article 64.01(c) vests a trial court with discretion to refuse to appoint counsel if the court fails to find reasonable grounds for the filing of a motion for post-conviction DNA testing. Here, exercising that discretion, the trial court has determined that Ard is not entitled to appointed counsel.

Ard also contends that he has not received a copy of the clerk's record for preparation of the appellant's brief. However, the district clerk has advised the Clerk of this Court that the record was in fact mailed to Ard on April 30, 2004.[1]

Because the trial court acted within its discretion in concluding that Ard is not entitled to appointed counsel, we deny Ard's request for an abatement of this appeal to the trial court for appointment of counsel. Ard must file the appellant's brief within 30 days after the date of this Order or this appeal will be dismissed.

### APPENDIX B

### Court's October 30, 2002 Opinion
### in Original Appeal
### OPINION

BILL VANCE, Justice.

On New Year's Eve, Doyle Sherman Ard and Robert Davis were at Ard's apartment. Both were intoxicated. Ard got a pistol and discharged it twice, seriously injuring Davis's finger. Ard was indicted for assault with a deadly weapon. The

---

1. If Ard has not yet received a copy of the clerk's record, he should notify the Clerk of this Court promptly and appropriate action will be taken.

issue at trial was whether Ard's shooting of Davis was an accident, or an intentional or knowing act.

The State called three witnesses at trial: Davis and two police officers. Davis said Ard put the gun to Davis's head and cocked it; but Davis was able to avoid being shot by "thr[owing] [his] right hand up to grab the gun away from [Ard] and that's when it went off," [1] shooting Davis in the finger. Ard fired again as Davis went down the hall, and that bullet grazed his arm. For the defense, Ard called his mother to testify that Davis told her the incident was an accident, and a medical-records custodian to testify about Davis's hospital records; he also recalled Davis and one of the officers. Finally, he introduced a tape-recording, which was played to the jury, of an interrogation of him by a police officer after the shooting. On the tape, Ard said repeatedly he did not remember what happened, including shooting Davis: "It's just black, I can't remember." The jury convicted Ard and, after finding that he had two prior felony convictions, assessed punishment at forty years in prison.

On appeal Ard asserts: (1) ineffective assistance of counsel; (2) an improperly admitted tape-recording of the interrogation of him by the officer; and (3) factually insufficient evidence.

We will affirm the judgment.

1. Reporter's Record: V. 3, p. 35.

2. The record also shows that, after verdict, Ard's counsel filed a one-page motion for new trial alleging, among other grounds, newly discovered evidence and ineffective assistance of counsel. A hearing was neither requested nor conducted. On appeal, counsel filed an appendix containing statements from three apparently disinterested witnesses who said Davis told them separately after the shooting that it was an accident which occurred when

## Ineffective Assistance of Counsel

Ard points out the following alleged erroneous acts by his trial counsel, which are confirmed by the record:

● During voir dire, Counsel strongly suggested to the jury, by repeated inquiries about their attitudes toward punishing a "hypothetical" defendant who has previous convictions, that Ard had two previous felony convictions. (Reporter's Record: V. 2, pp. 114, 117, 126–35, 141–42, 146–47, 149, 153–54, 167, 172)

● During his opening statement, counsel told the jury that Ard had two previous felony convictions, one in 1985 and one in 1988. (Reporter's Record: V. 3, p. 17)

● During the guilt—innocence phase, the State attempted to introduce the tape-recording of the interrogation of Ard by the officer. Defense counsel successfully objected that a proper predicate had not been laid. Later, defense counsel introduced the tape-recording which was played to the jury. In the tape, Ard admitted that he had served two years in prison for assault with a weapon, the "same kind of trouble" as in this case.[2]

Texas courts follow the United States Supreme Court's two-pronged *Strickland* test to determine whether counsel's representation was so inadequate as to be in violation of the Sixth Amendment right to effective assistance of counsel. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App.

Davis attempted to prevent Ard from committing suicide. These three statements were not attached to Ard's motion for new trial and are not otherwise in the record from the trial court; none of the three witnesses testified at trial. Therefore, we cannot consider the statements on appeal as grounds that trial counsel failed to properly investigate and present a *defense* of prior inconsistent statements by Davis.

1999) (citing *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App.1986), which adopted the standard in *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984)). Appellant must show: (1) counsel's assistance fell below an objective standard of reasonableness, and (2) counsel's deficient assistance, if any, prejudiced the defendant. *Thompson*, 9 S.W.3d at 812 (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim.App.1996)). This two-pronged test is the "benchmark for judging whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a reliable result." *Thompson*, 9 S.W.3d at 812–13 (citing *McFarland v. State*, 845 S.W.2d 824, 843 (Tex.Crim.App. 1992) (quoting *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2064)). There is a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. *Id.* at 813 (citing *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066). Appellant must prove ineffective assistance by a preponderance of the evidence. *Id.* (citing *Cannon v. State*, 668 S.W.2d 401, 403 (Tex.Crim.App.1984)).

The State's case rests primarily on the credibility of Davis's eyewitness testimony. To convict Ard, the jury had to believe Davis's testimony and conclude that Ard intentionally or knowingly shot him. But Davis, an unemployed veteran on disability who was in "a lot of pain most of the time," admitted to being depressed at the time of the incident because of personal problems, having two convictions for driving while intoxicated, for one of which he was currently on probation, having two prior misdemeanor convictions for theft, having been involved with drugs in the past, and being intoxicated at the time of the inci-

dent. He also testified that initially he thought the shooting was an accident and he told the treating physician so, but after having nightmares about it, he came to believe it was intentional.[3] For all these reasons, his testimony was controvertible.

Because the credibility of the State's one incriminating witness was impeachable, for the jury to learn that Ard had prior felony convictions, especially when one was for an aggravated assault, had the potential to be highly damaging. And for Ard's counsel to be the source of the information would appear to fall below an objective standard of reasonableness. Sometimes, however, conduct that appears to be below average is based on trial strategy. There is a presumption that the challenged act by defense counsel is trial strategy. *Pena–Mota v. State*, 986 S.W.2d 341, 346 (Tex. App.-Waco 1999, no pet.) (citing *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994)). Because we cannot determine from this record why defense counsel acted as he did, we must presume he was following a strategy he thought reasonable under the facts. *Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App.2002). Consequently, we find that defense counsel's acts did not fall below an objective standard of reasonableness. *Thompson*, 9 S.W.3d at 812.

We overrule this issue.

### Tape–Recording

Ard introduced a tape-recording, played to the jury, of an interrogation of him by a police officer after the shooting. On the tape, Ard said repeatedly he did not remember what happened, including shooting Davis. But he also admitted that he had served two years in prison for assault with a weapon, the "same kind of trouble" as in this case. On appeal, Ard argues that the tape was more prejudicial than

---

3. Reporter's Record: V. 3, pp. 158–59.

probative and should not have been admitted.

The problem with Ard's argument is transparent. It was he who introduced the tape into evidence, and he did not request that it be redacted or that a limiting instruction be given. Our criminal law recognizes a rule of estoppel called the "doctrine of invited error" which generally prohibits a party from complaining on appeal of an action he requested. *Prystash v. State*, 3 S.W.3d 522, 531–32 (Tex.Crim. App.1999) (overruling *Powell v. State*, 897 S.W.2d 307, 315 (Tex.Crim.App.1994) (defense procured the absence of a special issue in the charge)). Said another way, "error" cannot be predicated on an act the complaining party affirmatively sought. *Id.* The doctrine applies in many contexts. *E.g., id.* (citing *Carbough v. State*, 49 Tex. Crim. 452, 455–56, 93 S.W. 738 (1906) (jury charge: a party may not "take advantage of his own wrong")); *Mann v. State*, 850 S.W.2d 740, 741–42 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd) (defendant may not later attack defect in stipulation of evidence after representing that the court could rely on it); *Ex parte Hargett*, 827 S.W.2d 606, 607 (Tex.App.-Austin 1992, pet. ref'd) (defendant seeking habeas relief may not complain of lack of evidentiary hearing when defendant requested that the merits be determined solely on basis of trial transcript).

We overrule this issue.

### Factual Sufficiency of the Evidence

The standard of review for a factual sufficiency claim, which is derived from *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim. App.1996), is set forth in *Johnson v. State*, 23 S.W.3d 1 (Tex.Crim.App.2000). The reviewing court "asks whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof" "to the extent that the [finding of guilt] is clearly wrong and manifestly unjust." *Johnson*, 23 S.W.3d at 11. The court does not view the evidence through the prism of "in the light most favorable to the prosecution." *Id.* at 7 (quoting *Clewis*, 922 S.W.2d at 129). The trier of fact is the sole judge of the weight and credibility of the testimony. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex.Crim.App.1997). A bedrock principle of a factual sufficiency analysis is deference to the findings of the jury or other fact finder. *See Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App.1997). Thus, we should be on guard not to substitute our own judgment in these matters for that of the trier of fact. *See Santellan*, 939 S.W.2d at 164. "A decision is not manifestly unjust merely because the jury [or fact finder] resolved conflicting views of the evidence in favor of the State." *Cain*, 958 S.W.2d at 410.

Ard's argument is that there were some inconsistencies in Davis's testimony at trial. However, faced with Davis's testimony, including the inconsistencies, and Ard's testimony, the jury—the sole judge of the weight and credibility of the testimony— made a credibility determination, and believed Davis. *Santellan*, 939 S.W.2d at 164. Also, the unrefuted physical evidence is that Davis was shot twice with a .357 magnum, Ard owned a .357 magnum which was found a few feet from him and which had two spent rounds, and there was no one else present during the shooting. Based on the evidence, we do not find that the verdict is "clearly wrong and manifestly unjust." *Johnson*, 23 S.W.3d at 11.

We overrule this issue.

**Conclusion**

Having overruled Ard's issues, we affirm the judgment.