**Doyle Sherman ARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–04–00034–CR.**

Court of Appeals of Texas,
Waco.

March 22, 2006.

## OPINION

BILL VANCE, Justice.

Doyle Sherman Ard appeals the denial of his motion for forensic DNA testing. In one issue, he asserts that he was denied effective assistance of counsel in his appointed counsel's representation on his Chapter 64 motion.

### Background

Ard was convicted of aggravated assault with a deadly weapon and was sentenced to forty years in prison. We affirmed the conviction in an unpublished opinion. *See Ard v. State*, No. 10–00–00283–CR (Tex. App.-Waco Oct. 30, 2002, pet. ref'd, untimely filed) (not designated for publication). In this case, the victim testified that he and Ard were drinking one evening when Ard put a gun to the victim's head. The victim tried to grab the gun, which went off and shot the victim's finger. As the victim ran away, Ard shot a second time, grazing the victim's arm.

In this proceeding, Ard filed a motion for appointment of counsel under Chapter 64 of the Code of Criminal Procedure. In the motion, Ard expressed a desire for post-conviction DNA testing. The trial court appointed counsel to represent Ard. Treating the motion for appointment of counsel as a motion for post-conviction DNA testing, the trial court held a hearing to determine the merits of the "motion." Ard was not present for the hearing. His appointed counsel admitted that she could not tell from Ard's "motion" what he wanted to test or what he hoped the test would show.[1] She also admitted to the court that

Joseph L. Sheppard, Burleson, Richard Alley, Fort Worth, for appellant.

Dale S. Hanna, Johnson County Dist. Atty., Cleburne, for appellee.

1. Ard initially appealed pro se, but we abated the appeal so the trial court could appoint appellate counsel. Ard's argument was that if the victim's story was true, blood from the victim's finger would be sprayed, dripped, or smeared on the weapon. Ard contends that, if the gun were tested, absence of the victim's DNA would be exculpatory. The State provided an affidavit stating that the gun still exists.

she had not yet received a response to her letter to Ard asking for more information. Nevertheless, she elected to "stand on his motion and ask what he asks." The trial court denied the pro se "motion" that Ard had filed. This appeal followed, with Ard assuming that he had a right to effective assistance of counsel and asserting that his appointed counsel was ineffective.

## Chapter 64: Post–Conviction DNA Testing

Chapter 64 of the Texas Code of Criminal Procedure provides a procedural vehicle for a convicted person to request the convicting court to order post-conviction DNA testing of evidence containing biological material under narrow circumstances. *See* TEX.CODE CRIM. PROC. ANN. arts. 64.01–.05 (Vernon Supp.2005). This vehicle allows a convicted person to obtain a certain type of evidence that can then be used in a state or federal habeas corpus proceeding. *Thacker v. State*, 177 S.W.3d 926, 927 (Tex.Crim.App.2005). The purpose of Chapter 64 is to allow a convicted person the procedural means to obtain DNA evidence to prove that he or she is innocent and would not have been convicted. *Kutzner v. State*, 75 S.W.3d 427, 438–39 (Tex.Crim.App.2002) (discussing Chapter 64's legislative history); TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(2)(A) (court may order DNA testing if convicted person establishes by preponderance of the evidence that person would not have been convicted if exculpatory results had been obtained through DNA testing); *id.* art. 64.04 (court to examine test results and make finding "whether, had the results been available during the trial of the

offense, it is reasonably probable that the person would not have been convicted").

Under Chapter 64, the convicted person is entitled to appointed counsel if the person informs the court that the person wishes to submit a motion for DNA testing, the court finds reasonable grounds for the motion, and the court determines that the person is indigent.[2] TEX.CODE CRIM. PROC. ANN. art. 64.01(c). But despite this statutory right to counsel and the trial court's appointment of counsel for Ard, the State argues that several intermediate Texas courts have held the convicted persons do not have a right to effective assistance of counsel in Chapter 64 proceedings and that Ard has no such right. We decline to follow those courts. Instead, we hold that the statutory right to counsel includes a due-process right that the representation be effective.

## Right to Effective Assistance of Counsel

While there is a statutory right to counsel under Chapter 64, there is no federal or state constitutional right to counsel in a Chapter 64 proceeding. *Id.; Winters v. Presiding Judge, Crim. Dist. Ct. No. 3, Tarrant County*, 118 S.W.3d 773, 774 (Tex. Crim.App.2003). The Court of Criminal Appeals has not decided whether an appellant may raise a claim of ineffective assistance of counsel arising from a Chapter 64 hearing. *See Bell v. State*, 90 S.W.3d 301, 307 (Tex.Crim.App.2002) (assuming that ineffective-assistance claim may be raised but holding that record did not establish ineffective assistance). Most recently, that court stated:

2. In its original enactment, the statute required appointment of counsel for an indigent person. Act of April 5, 2001, 76th Leg., R.S., ch. 1, § 2, 2001 Tex. Gen. Laws 2. In 2003, the statute was amended to limit the require-

ment of counsel to cases in which the court finds reasonable grounds for a motion to be filed. Act of May 9, 2003, 77th Leg., R.S., ch. 13, § 1, 2003 Tex. Gen. Laws 16 (codified at TEX.CODE CRIM. PROC. ANN. art. 64.01(c)).

Although we need not decide whether another remedy is available in a case in which a convicted person did not receive adequate assistance of counsel in a Chapter 64 proceeding, *we may observe that, in some cases, a convicted person may get relief from defective representation by counsel through appeal under that chapter.* We also see that Chapter 64 does not prohibit a second, or successive, motion for forensic DNA testing, and that a convicting court may order testing of material that was not previously tested "through no fault of the convicted person, for reasons that are of a nature that the interests of justice require DNA testing."

*Ex Parte Baker,* 185 S.W.3d 894, 897–98 (Tex.Crim.App. 2006) (quoting TEX.CODE CRIM. PROC. ANN. art. 64.01(b)(1)(B) (emphasis added)); *see also Ex Parte Suhre,* 185 S.W.3d 898, 898–99 (Tex.Crim.App. 2006) ("it is conceivable that a convicted person who receives ineffective assistance of counsel in a DNA proceeding may be entitled to relief by way of a second DNA proceeding").

In our view, the Court of Criminal Appeals has left open the issue of whether a convicted person has the right to effective assistance of counsel in a Chapter 64 proceeding, which is the precise issue before us. Four of our sister courts, however, have held that there is no constitutional right to effective assistance of counsel in a Chapter 64 proceeding. *See Hughes v. State,* 135 S.W.3d 926, 928 (Tex.App.-Dallas 2004, pet. ref'd); *Morris v. State,* 110 S.W.3d 100, 103 (Tex.App.-Eastland 2003, pet. ref'd); *In re Beasley,* 107 S.W.3d 696, 697 (Tex.App.-Austin 2003, no pet.); *Frischenmeyer v. State,* 2003 WL 21108262, at *2 (Tex.App.-Texarkana May 16, 2003, no pet.) (not designated for publication). These courts reasoned that the Court of Criminal Appeals has analogously held that there is no constitutional right to ef-

fective assistance of counsel in a post-conviction habeas corpus proceeding, even though a statute provided for appointment of habeas counsel. *See Ex parte Graves,* 70 S.W.3d 103, 110, 113 (Tex.Crim.App. 2002) ("[a]bsent such a constitutional right to counsel, there can be no constitutional right to effective assistance of counsel in a habeas proceeding . . . . we decline to turn a legislative act of grace into a constitutional right."). A Chapter 64 proceeding itself, however, is not a post-conviction collateral attack. *Thacker,* 177 S.W.3d at 927 ("Unlike a state application for writ of habeas corpus, a motion for DNA testing cannot, by itself, result in relief from a conviction or sentence."); *see also Baker,* 185 S.W.3d at 894–97 (discussing that favorable result from DNA testing under Chapter 64 has no effect on conviction but may be used in a post-conviction habeas corpus). *But see Beasley,* 107 S.W.3d at 697 ("Although these holdings were made in the context of post-conviction habeas corpus proceedings, they are equally applicable to a post-conviction request for forensic DNA testing under chapter 64, which is another form of collateral attack.").

Moreover, in *Graves,* the habeas applicant was claiming that his original habeas counsel was ineffective in failing to include several claims in the applicant's original writ, and the narrow issue before the court was "whether applicant is entitled to have the merits of this ineffective assistance of prior habeas corpus claim heard on a subsequent writ." *Graves,* 70 S.W.3d at 107. In holding that there is no constitutional right to effective assistance of counsel on a writ of habeas corpus, a divided court rested its decision in part on the concern of endless ineffective-assistance litigation: "A claim of ineffective assistance of the prior habeas counsel would simply be the gateway through which endless and repetitious

writs would resurrect." *Id.* at 115. That concern is not present in Chapter 64 proceedings, as the Court of Criminal Appeals has tacitly approved of a successive Chapter 64 proceeding as a remedy for ineffective assistance. *See Baker,* 185 S.W.3d at 897 ("Chapter 64 does not prohibit a second, or successive, motion for forensic DNA testing"); *Suhre,* 185 S.W.3d at 898–899 ("it is conceivable that a convicted person who receives ineffective assistance of counsel in a DNA proceeding may be entitled to relief by way of a second DNA proceeding").

We find the posture and rationale of *Graves* to be inapposite to the issue before us, and we find *Graves's* Chapter 64 progeny unpersuasive. Whether a convicted person has the right to effective assistance of counsel in a Chapter 64 proceeding comes down to one of two propositions: either we accept the notion that the absence of a constitutional right to counsel precludes a right to an effective assistance of counsel claim in a Chapter 64 proceeding, or we accept the proposition that the right to counsel—constitutional or statuto-

ry—is meaningless if effective assistance is not guaranteed. We accept the latter because we hold that due process compels it.

In a parental-rights termination case, we held that "a statutory right to counsel in a termination case includes a due-process right that the representation be effective." *In re B.L.D.,* 56 S.W.3d 203, 212 (Tex. App.-Waco 2001), *rev'd on other grounds,* 113 S.W.3d 340 (Tex.2003).[3] The Fort Worth court, agreeing with our opinion in *B.L.D.,* expounded on an indigent person's due-process right to effective assistance of counsel. *In re K.L.,* 91 S.W.3d 1, 4–13 (Tex.App.-Fort Worth 2002, no pet.). Under the due-process analysis set out and applied in *K.L.,* we conclude that the statutory right to appointed counsel in a Chapter 64 proceeding includes a due-process right to effective assistance of counsel. *See id.* We cannot conceive a reason not to recognize this due-process right, considering the underlying rationale of Chapter 64: providing a procedural vehicle to obtain favorable DNA evidence for the eventual establishment of a convicted person's actual innocence.[4]

---

**3.** The Texas Supreme Court subsequently held that the statutory right to counsel in parental-rights termination cases includes the right to effective counsel. *In re M.S.,* 115 S.W.3d 534, 544 (Tex.2003) ("we believe that '[i]t would seem a useless gesture on the one hand to recognize the importance of counsel in termination proceedings, as evidenced by the statutory right to appointed counsel, and, on the other hand, not require that counsel perform effectively' "). The supreme courts of several other states have examined statutes that provide a right to counsel and have held that the right to counsel entails that such counsel be effective. *See Patchette v. State,* 374 N.W.2d 397, 398 (Iowa 1985) (holding that statutory grant of post-conviction applicant's right to court-appointed counsel in proceeding arising out of prison disciplinary hearings "necessarily implies that that counsel be effective"); *Dunbar v. State,* 515 N.W.2d 12, 14–15 (Iowa 1994) (applying same rationale to the statutory grant of counsel for post-conviction pro-

ceedings attacking conviction); *Lozada v. Warden,* 223 Conn. 834, 613 A.2d 818, 821–22 (1992) (reasoning that statutory right to habeas counsel "would become an empty shell if it did not embrace the right to have the assistance of a competent counsel"); *Jackson v. Weber,* 637 N.W.2d 19, 23 (S.D.2001) ("[W]e will not presume that our legislature has mandated some useless formality requiring the mere physical presence of counsel as opposed to effective and competent counsel"); *Commonwealth v. Albert,* 522 Pa. 331, 561 A.2d 736, 738 (1989) ("It is axiomatic that the right to counsel includes the concomitant right to effective assistance of counsel").

**4.** The Court of Criminal Appeals recently stated that it has granted relief by post-conviction writs of habeas corpus to convicted persons who have used favorable forensic DNA test results to prove actual innocence. *Baker,* 185 S.W.3d at 895–97 & n. 20 (citing *Ex parte Karage,* 2005 WL 2374440, AP–75,253 (Tex.

## Application

■ Having concluded that Ard had a right to effective assistance of counsel, we turn to his claim that he received ineffective assistance. To determine whether counsel is effective, we apply the standard set forth in *Strickland v. Washington.* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of counsel, appellant must show that counsel's assistance fell below an objective standard of reasonableness *and* that counsel's deficient performance, if any, prejudiced the defendant. *Id.* at 687, 104 S.Ct. at 2063. Thus, even if we were to assume that Ard's counsel's performance was deficient, we must also question whether his counsel's ineffectiveness deprived him of a fair hearing and prejudiced him. *Id.* at 687, 104 S.Ct. at 2064; *Bell,* 90 S.W.3d at 307. Ard must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

A convicting court may order forensic DNA testing under Chapter 64 only if the court finds, *inter alia,* that evidence stills exists in a condition making DNA testing possible, that identity was or is an issue in the case, and that the convicted person establishes by a preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing. Tex.Code Crim. Proc Ann. art. 64.03(a)(1)(B), (a)(2)(A). The mere absence of the victim's DNA material on the gun would not establish Ard's innocence by a reasonable probability. And importantly, Ard does not assert or show that identity was or is an issue in his case. Because Ard has not

shown a reasonable probability that, but for his allegedly ineffective counsel, the result would have been different, he cannot prevail on his ineffective assistance of counsel claim. Finding no prejudice, we overrule Ard's sole issue.

## Conclusion

In this case, we hold that Ard was entitled to effective assistance of counsel in his Chapter 64 proceeding but that he cannot show prejudice from the alleged ineffective assistance. We therefore affirm the trial court's denial of Ard's motion.

Chief Justice GRAY concurring.

GRAY, J., concurring.

I do not believe we can create a constitutional due process protection under the facts of this case. If we can, we should not because it is unnecessary to the disposition of the appeal. Due to time constraints, I will forgo an expansive discussion of why the majority's analysis creating a constitutional due process right arising out of a statute is wrong. It is sufficient to note that a number of courts have determined that there is no Sixth Amendment right to the effective assistance of counsel when there is no constitutional right to counsel. Further, Ard has not properly preserved or adequately argued a violation of the due process clause of either the state or federal constitution. A majority of this Court has, on more than one occasion, been reversed for making dispositive arguments for defendants. *Gerron v. State,* 97 S.W.3d 597 (Tex.Crim.App.2003); *Hailey v. State,* 87 S.W.3d 118 (Tex.Crim.App. 2002). But now the majority makes an argument for a defendant in a case where it does not affect the result. That means

Crim.App. Sept. 28, 2005) (not designated for publication); *Ex parte Sutton,* AP–75,181 (Tex.Crim.App. May 25, 2005) (not designated

for publication); *Ex parte Ochoa,* No. 74,246 (Tex.Crim.App. Sept. 19, 2001) (not designated for publication)).

there is less chance of getting this statement scrutinized by a higher court.

I have previously opined there was no need to abate this proceeding for the appointment of appellate counsel. *Ard v. State*, 166 S.W.3d 387 (Tex.App.-Waco 2005) (Gray, C.J., dissenting from unpublished order). For the reasons expressed in the relevant portions of that dissenting opinion, including the appendices incorporated into that opinion, the trial court could not have erred in denying the motion for DNA testing.

I do not join in any part of the majority opinion. I concur only in the judgment of this Court affirming the trial court's order which denied Ard's motion for DNA testing.