Opinion issued December
30, 2011

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 


 
 

 
 



NO. 01-10-00923-CR

____________

 








WARREN LEE GARDINER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 
 

 
 
 

On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 534487

 


 
 

 
 
 



MEMORANDUM OPINION








In 1990, a jury convicted appellant, Warren
Lee Gardiner, of the offense of aggravated sexual assault, and the jury assessed
punishment at confinement for 43 years and a fine of $10,000.  Appellant’s conviction was affirmed on
appeal.  Gardiner v. State, 11-90-00024-CR (Tex. App.—Eastland February 7, 1991,
no pet.) (not designated for publication). 
In 1996, all evidence in this case was destroyed pursuant to the trial
court’s destruction order.

In 2010, appellant filed a pro se
motion for post-conviction DNA testing, under Chapter 64 of the Texas Code of
Criminal Procedure.  See Tex. Code Crim. Proc.
Ann. ch. 64 (West 2006 & Supp. 2011).   Appellant’s appointed counsel filed a
memorandum to the trial court, advising that no biological evidence still exists
for DNA testing.  On September 28, 2010,
the trial court denied appellant’s motion for DNA testing.  

On appeal, appellant’s appointed counsel
filed a motion to withdraw, along with an Anders
brief stating that the record presents no reversible error and that therefore the
appeal is frivolous.  See Anders v. California, 386 U.S. 738,
87 S. Ct. 1396 (1967).   Appellant filed a pro se response.  The State waived its opportunity to file an
appellee’s brief. 

We grant counsel’s motion to withdraw
and affirm the trial court’s judgment.

An attorney has an ethical obligation
to refuse to prosecute a frivolous appeal.  In re Schulman,
252 S.W.3d 403, 407 (Tex. Crim. App. 2008). 
If an appointed attorney finds a case to be wholly frivolous, his
obligation to his client is to seek leave to withdraw.  Id.  Counsel’s obligation to the appellate court
is to assure it, through an Anders
brief, that, after a complete review of the record, the request to withdraw is
well-founded. Id.

We may not grant the motion to
withdraw until:

(1)     the
attorney has sent a copy of his Anders
brief to his client along with a letter explaining that the defendant has the
right to file a pro se brief within 30 days, and he has ensured that his client
has, at some point, been informed of his right to file a pro se PDR; 

(2)     the attorney
has informed us that he has performed the above duties; 

(3)     the
defendant has had time in which to file a pro se response; and

(4)     we
have reviewed the record, the Anders brief,
and any pro se brief.

 

See id. at
408–09. 
If we agree that the appeal is wholly frivolous, we will grant the
attorney’s motion to withdraw and affirm the trial court’s judgment. See Garner v. State, 300 S.W.3d 763, 766
(Tex. Crim. App. 2009).  If we conclude that arguable grounds for
appeal exist, we will grant the motion to withdraw, abate the case, and remand
it to the trial court to appoint new counsel to file a brief on the merits.  See Bledsoe
v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

          Counsel’s
brief meets the Anders requirements
by presenting a professional evaluation of the record. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; see also High v. State, 573 S.W.2d 807, 812
(Tex. Crim. App. 1978).  Counsel
discusses the evidence, supplies us with references to the record, and provides
us with citation to legal authorities.  Counsel
indicates that he has thoroughly reviewed the record and that he is unable to
advance any grounds of error that warrant reversal.  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Mitchell v. State, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st
Dist.] 2006, no pet.).  

The Court’s records reflect that
appellant has acknowledged having received a copy of the clerk’s record from
counsel.  There is not a reporter’s
record.  In his pro se response,
appellant contends that his appointed counsel was ineffective for having failed
to fully review the record and for having advised the trial court that
appellant is not eligible for DNA testing. 
 Although nothing suggests that
counsel was ineffective in this case, there is not a constitutional right to
counsel in a proceeding under Chapter 64, therefore appellant does not have a
constitutional right to effective counsel.  See Hughes v. State, 135 S.W.3d 926, 928
(Tex. App.—Dallas 2004, pet. ref’d).

We have independently reviewed the record,
and we conclude that no reversible error exists in the record, that there are
no arguable grounds for review, and that therefore the appeal is frivolous.  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Bledsoe, 178 S.W.3d at 826–27 (emphasizing that reviewing court—and
not counsel—determines, after full examination of proceedings, whether the
appeal is wholly frivolous); Mitchell,
193 S.W.3d at 155.  Although we may issue
an opinion explaining why the appeal lacks arguable merit, we are not required
to do so. See Garner, 300 S.W.3d at
767.  An appellant may challenge a
holding that there are no arguable grounds for appeal by filing a petition for
discretionary review in the Court of Criminal Appeals. See Bledsoe, 178 S.W.3d 827 & n.6.

We grant counsel’s motion to withdraw[1]
and affirm the trial court’s judgment.  Attorney
Bob Wicoff must immediately send the notice required by Texas Rule of Appellate
Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court.  See
Tex. R. App. P. 6.5(c).

PER CURIAM

 

Panel consists of Justices Keyes, Higley, and
Massengale.

 

Do not publish. 
Tex. R. App. P. 47.2(b).

 











[1]
              Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of
Criminal Appeals. See Bledsoe v. State,
178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).