**Order issued September 4, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

**NO. 01-14-00167-CR**

———————————————

**ABRAHAM CAMPOS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 26947-3**

**ORDER**

Appellant, Abraham Campos, appealed from the trial court's order denying his motion for post-conviction forensic DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(a-1) (West Supp. 2014). On July 9, 2014, appellant filed a "Motion to Abate the Appeal." In his motion, appellant requests that we abate this

appeal and order the trial court to hold a hearing on his "status as an indigent person, and thereafter appoint counsel to represent him in this appeal."  We deny the motion.

## Background

On January 6, 2014, appellant filed a "Request to Conduct Forensic Evidence DNA Testing Under Article 64.01(a-1), Texas Code of Criminal Procedure," seeking post-conviction DNA testing of evidence from his criminal conviction.  In the affidavit accompanying his motion, appellant stated that he is indigent and requested that an attorney "be appointed during these proceedings" to represent him.

The trial court denied appellant's motion on February 6, 2014.  In its order, the trial court found that appellant failed to establish by a preponderance of the evidence that appellant would not have been convicted if additional DNA testing was conducted.  The trial court also found that appellant "failed to meet his burden to show reasonable grounds for appointment of counsel as required under Article 64.01(c) of the Code of Criminal Procedure" and denied appellant's request for appointment of counsel.

On February 24, 2014, appellant filed a notice of appeal and an affidavit of indigency, seeking appointed counsel to represent him on appeal. The trial court denied the request on February 25, 2014.

On July 9, 2014, appellant filed his motion to abate, requesting that we abate this case and order the trial court to hold a hearing on his indigence, find him indigent, and appoint counsel to represent him in this appeal.

**Analysis**

There is no constitutional right to appointed counsel in a proceeding under Chapter 64 of the Texas Code of Criminal Procedure. *See Hughes v. State*, 135 S.W.3d 926, 927 (Tex. App.—Dallas 2004, pet. ref'd).

Nevertheless, there is a statutory right to appointed counsel in a Chapter 64 proceeding. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c); *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011); *Gutierrez v. State*, 307 S.W.3d 318, 321, 322 (Tex. Crim. App. 2010). "A convicted person is entitled to counsel during a proceeding under" Chapter 64 "if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent." TEX. CODE CRIM. PROC. ANN. art. 64.01(c).

Prior to 2003, the statutory right to appointed counsel was absolute for any indigent person who either filed or expressed a desire to file a motion for forensic DNA testing under Chapter 64. *See Ex parte Gutierrez*, 337 S.W.3d at 889 & n.10; *Gutierrez*, 307 S.W.3d at 322 & n.26; *Gray v. State*, 69 S.W.3d 835, 837 (Tex. App.—Waco 2002, no pet.). The legislature, however, amended the statute in 2003 to restrict the right to appointed counsel in Chapter 64 proceedings. *See Act of April 25, 2003, 78th Leg., R.S., ch. 13, § 1, 2003 Tex. Gen. Laws 16, 16; Ex parte Gutierrez*, 337 S.W.3d at 889; *Gutierrez*, 307 S.W.3d at 322. Thus, in Chapter 64 proceedings filed after the legislative amendment, "[a]n indigent convicted person intending to file a motion for post-conviction DNA testing . . . has a limited [statutory] right to appointed counsel," which is "conditioned on the trial judge's finding 'that reasonable grounds exist for the filing of a motion.'" *Ex parte Gutierrez*, 337 S.W.3d at 889 & n.10 (quoting *Gutierrez*, 307 S.W.3d at 321); *see Gutierrez*, 307 S.W.3d at 321, 322 (holding that entitlement to appointed counsel is not absolute and that appointment of counsel is dependent, in part, on trial judge's discretion). Statutory entitlement to appointed counsel for a person "intending to file a motion for post-conviction DNA testing" is now conditioned on three criteria: (1) "the convicted person must inform the trial judge that he or she wants to submit a motion;" (2) "the trial judge must find that 'reasonable grounds' exist for the filing of a motion;" and (3) "the trial judge must find that the

convicted person is indigent." *Gutierrez*, 307 S.W.3d at 321; *see* TEX. CODE CRIM. PROC. ANN. art. 64.01(c). Thus, a convicted person who fails to show that reasonable grounds exist for the filing of a Chapter 64 motion is not entitled to appointed counsel. *See Ex parte Gutierrez*, 337 S.W.3d at 890–95; *Harris v. State*, No. 01-10-00171-CR, 2011 WL 662955, at *1–2 (Tex. App.—Houston [1st Dist.] Feb. 17, 2011, pet. ref'd).

An appeal from the denial of a Chapter 64 motion is governed by article 64.05. *See* TEX. CODE CRIM. PROC. ANN. art. 64.05 ("An appeal under this chapter is to a court of appeals . . . ."). Such an appeal is therefore "a proceeding under" Chapter 64, and the conditions for appointment of counsel on appeal are the same as the conditions for appointment of counsel in the trial court. *See id.* art. 64.01(c). We therefore hold that, when a convicted person files a Chapter 64 motion and the trial court finds that the person failed to demonstrate reasonable grounds for filing the motion, the person is not entitled to appointed counsel to assist with any "proceeding under" Chapter 64, including an appeal. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01(c), 64.05; *Ex parte Gutierrez*, 337 S.W.3d at 889; *Gutierrez*, 307 S.W.3d at 321, 322.

Here, the trial court found that appellant failed to show reasonable grounds for filing a motion for DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art.

5

64.01(c).  Appellant is therefore not entitled to appointed counsel to represent him on appeal.

Accordingly, we deny appellant's motion.

It is so ORDERED.


Sherry Radack
Chief Justice