**AFFIRMED and Opinion Filed November 28, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00704-CR

## JEROME JOHNSON, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 1
Dallas County, Texas
Trial Court Cause No. F01-53637-JH**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Reichek

Jerome Johnson, pro se, appeals the trial court's order denying his motion for post-conviction DNA testing. In two issues, appellant contends (1) the trial court erred in denying the motion on grounds that identity was not an issue in the case and (2) he was denied effective assistance of counsel. For reasons that follow, we affirm.

## BACKGROUND

In 2001, appellant was charged by indictment with aggravated sexual assault. The complainant was C.P., a woman appellant had dated for more than a year and even lived with for a time. Appellant's first trial ended in a mistrial after the jury could not reach a verdict. He was retried in June 2003.

At the time of the offense, C.P. and appellant no longer lived together, but still dated off and on. C.P. testified that on June 13, 2001, she gave appellant a ride home from work and went into his apartment with him. When C.P. refused to allow appellant use of her car, he hit and kicked her for ten to fifteen minutes. Then appellant pulled C.P. by her hair into the bedroom. He pulled off her clothes and penetrated her vagina with his penis. He also put his penis in C.P.'s mouth. Appellant threatened to kill C.P. if she told anyone what happened. After appellant fell asleep, C.P. wrapped herself in a towel, drove to a 7-Eleven, and called the police. C.P. was taken by ambulance to the hospital, where a doctor performed a rape exam. The evidence collected from C.P. included vaginal and oral swabs, vaginal and oral smears, and hair samples.

DNA testing was performed prior to trial. A forensic biologist with the Southwestern Institute of Forensic Science (SWIFS) in Dallas received C.P.'s vaginal swab and a sample of her blood, as well as a buccal swab from appellant. Spermatozoa was detected in the vaginal swab when examined under a microscope. The DNA extracted from the vaginal swab yielded two fractions—epithelial cell (female) DNA and sperm cell (male) DNA. The sperm cell fraction was a mixture of at least two contributors, at least one female and one male. C.P.'s DNA was detected, and a non-victim DNA profile was obtained. The non-victim DNA profile matched appellant's DNA profile. The probability of selecting at random an

unrelated individual with the same DNA profile was 1 in 185 trillion for Caucasians, 1 in 122 billion for African-Americans, and 1 in 164 trillion for Hispanics.

The jury found appellant guilty of the lesser included offense of sexual assault and assessed his punishment at 42 years' confinement and a $7,500 fine. Appellant testified at the punishment phase of trial. He admitted hitting C.P., but denied forcing her to have sex with him. He testified they had consensual sex that night. On direct appeal, this Court affirmed appellant's conviction, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Johnson v. State*, No. 05-03-01058-CR, 2005 WL 647516 (Tex. App.—Dallas March 22, 2005, pet. ref'd) (not designated for publication).

In December 2018, appellant filed a pro se motion in the trial court seeking post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. He asked for retesting of previously tested items and also testing of items not originally tested. On February 4, 2019, the trial court ordered the State to file a response to appellant's motion within 60 days.

The State did not file a response until July 13, 2021. Attached to its response was an August 2019 supplemental report on the DNA evidence in this case prepared by SWIFS. The report provided a reinterpretation of the DNA profiles using the lab's then-current interpretation guidelines. SWIFS concluded the probability of selecting an unrelated person who could be a contributor to the male DNA profile obtained from the vaginal swab was 1 in 146 billion.

Shortly after the State filed its response, the trial court denied appellant's motion, finding that appellant was not entitled to the requested testing because identity was not an issue in the case. This appeal followed.

Appellant filed a post-submission motion for judicial notice. He asks this Court to take judicial notice of various things, including numerous attachments to his appellate brief, the State's failure to provide a certain affidavit, the possibility the DNA samples in this case are contaminated, and the law regarding lost or destroyed records, as he claims part of the record from his first jury trial is missing. Because appellant failed to make these requests in his appellate brief prior to submission, we need not consider them. *See Deutsch v. State*, 566 S.W.3d 332, 341 n.9 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (declining to consider request for judicial notice first made in reply brief); *see also* TEX. R. APP. P. 38.1. We deny the motion for judicial notice by separate order.

## POST-CONVICTION DNA TESTING

In his first issue, appellant contends the trial court erred in determining that he was not entitled to post-conviction DNA testing. He maintains that identity was an issue in the case.

Under Chapter 64 of the code of criminal procedure, a convicted person can request the convicting court to order post-conviction DNA testing. To be entitled to such testing, the convicted person must show, among other things, that the perpetrator's identity was or is an issue in the case. TEX. CODE CRIM. PROC. ANN.

–4–

art. 64.03(a)(1)(C); *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011). In reviewing a trial judge's Chapter 64 rulings, this Court gives almost total deference to the trial judge's findings of historical fact and application-of-law-to-fact issues that turn on witness credibility, be we consider de novo all other application-of-law-to-fact questions. *Gutierrez*, 337 S.W.3d at 890.

C.P. was not sexually assaulted by a stranger; she and appellant had a dating relationship. The issue, as appellant himself admitted during his punishment testimony, was not whether appellant had sex with C.P., but whether he did so without her consent. Under these circumstances, identity was not an issue in this case. *See Williams v. State*, No. 05-05-01213-CR, 2006 WL 3200117, at *1–2 (Tex. App.—Dallas Nov. 7, 2006, no pet.) (mem. op., not designated for publication) (upholding denial of motion for post-conviction DNA testing in sexual assault case where issue was consent and thus identity was not issue); *Jackson v. State*, No. 14-05-00221-CR, 2006 WL 1330978, at *2 (Tex. App.—Houston [14th Dist.] May 11, 2006, pet. ref'd) (mem. op., not designated for publication) (same). Further, DNA testing was performed prior to trial, and the results were later reinterpreted under recent standards. Both times, the results confirmed appellant's identity. The trial court did not err in denying appellant's motion for post-conviction DNA testing.

Appellant raises many additional contentions under his first issue. Most need not be addressed in light of the fact that he failed to show identity was an issue, but we will address two of them. Appellant argues the trial court lacked jurisdiction to

–5–

rule on his motion because it did not have plenary power at the time of the ruling. He makes this argument based on the time elapsed between the court-ordered deadline for the State to respond to his motion and the State's filing of its response. In this Chapter 64 proceeding, the trial court's plenary power could not have expired before it ruled on appellant's motion for DNA testing. *See Swearingen v. State*, 189 S.W.3d 779, 781 (Tex. Crim. App. 2006). Appellant also complains of the trial court's failure to hold a hearing on his motion. Article 64.03 does not require a hearing before the trial court decides whether a convicted person is entitled to DNA testing. *Gutierrez*, 337 S.W.3d at 893. We overrule appellant's first issue.

## EFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, appellant contends he was denied effective assistance of counsel during the Chapter 64 proceedings. He alleges various deficiencies on the part of Bruce Anton, who he claims was appointed to represent him during the Chapter 64 proceedings.

There is nothing in the record that indicates Anton represented appellant in the trial court in connection with his motion for post-conviction DNA testing. Acting pro se, appellant moved for post-conviction DNA testing on December 14, 2018, and renewed the request in May 2020. The trial court's order denying appellant's motion for DNA testing indicates that he was representing himself. On June 25, 2019, the trial court appointed Anton to represent appellant, but the order includes a handwritten note indicating the representation was in connection with a

"writ." This is consistent with our records which indicate Anton entered an appearance in three 2019 original proceedings related to this case filed by appellant.

Even if we assume Anton represented appellant in connection with the Chapter 64 request, appellant does not have a claim for ineffective assistance of counsel. The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686–88 (1984). But there is no federal or state constitutional right to counsel under Chapter 64, only a statutory right. *Hughes v. State*, 135 S.W.3d 926, 927 (Tex. App.—Dallas 2004, pet. ref'd). This Court has determined that because there is no constitutional right to counsel in a Chapter 64 proceeding, there is no constitutional right to effective assistance of counsel in such a proceeding. *Id.* at 928. We overrule appellant's second issue.

We affirm the trial court's order.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish.
TEX. R. APP. P. 47.2(b).
210704F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JEROME JOHNSON, Appellant

No. 05-21-00704-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F01-53637-JH.
Opinion delivered by Justice Reichek. Justices Schenck and Goldstein participating.

Based on the Court's opinion of this date, the trial court's order denying the motion for post-conviction DNA testing is **AFFIRMED**.

Judgment entered November 28, 2022