**Milton Wayne DIXON, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 05–06–01398–CR.**

Court of Appeals of Texas, Dallas.

Jan. 11, 2008.

Robert Udashen, Sorrels, Udashen & Anton, Dallas, for Appellee.

Craig Watkins, Dist. Atty., Cory L. Carlyle, Asst. Dist. Atty., Dallas, for State.

Before Justices WHITTINGTON, BRIDGES, and FRANCIS.

## OPINION

Opinion by Justice WHITTINGTON.

Milton Wayne Dixon appeals the trial judge's August 2, 2006 order denying his motion for post-conviction forensic DNA testing.[1] In three issues, appellant claims (i) the trial judge erred in rescinding the October 2002 order granting forensic DNA testing, (ii) the 2006 order denying appellant's motion for forensic DNA testing does not substantially comply with the requirements of chapter 64 of the Texas Code of Criminal Procedure, and (iii) appellant did not receive effective assistance of counsel throughout the proceeding. We affirm the trial court's order.

The record shows appellant was indicted in 1990 for sexual assault. After a jury found him guilty, the trial judge assessed punishment, enhanced by two prior convictions, at fifty-five years' confinement.

On October 22, 2002, appellant filed a motion requesting post-conviction forensic DNA testing. Six days later and before the State responded, the trial judge granted the motion. In early February 2003, the State filed a motion to set aside the October 2002 order, which the trial judge granted on February 5, 2003. The State then filed a response (dated March 21, 2003), a supplemental response (dated April 7, 2003), and a second supplemental response (dated August 2, 2006) to appellant's motion for forensic DNA testing.

On August 2, 2006, the trial judge signed an order denying appellant's motion for forensic DNA testing. This appeal ensued.

■ In his first issue, appellant claims the trial judge erred when she rescinded the "prior order nearly four years after its entry because the court no longer retained plenary power." However, because the record shows the original October 2002 order granting forensic DNA testing was set aside by the trial judge on February 5, 2003, the question before us is not whether the trial judge had the authority to rescind the original order after four years had passed but whether the trial judge retained power to act one hundred days after the signing of an order granting forensic DNA testing. For the reasons that follow, we conclude the trial judge had authority to set aside the October 2002 order.

■ "When a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court." *State v. Patrick*, 86 S.W.3d 592, 594 (Tex.Crim.App.2002). Nevertheless, the trial court has special or limited jurisdiction to ensure that a higher court's mandate is carried out as well as to perform other functions specified by statute, such as determining a defendant's entitlement to forensic DNA testing under chapter 64. *Patrick*, 86 S.W.3d at 594. Under chapter 64, when a trial judge

---

1. In 2001, the Texas Legislature enacted chapter 64 of the code of criminal procedure to provide for post-conviction forensic DNA testing. *See* Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 2–4, *amended by* Act of Apr. 25, 2003, 78th Leg., R.S., ch. 13, §§ 1–5, 2003 Tex. Gen. Laws 16, 16–17 and Act of May 24, 2007, 80th Leg., R.S., ch. 1006, §§ 2–4, 2007 Tex. Sess. Law. Serv. 3529, 3529–30 (current version at TEX. CODE CRIM. PROC. ANN. arts. 64.01–.05 (Vernon 2006 & Supp.2007)). The 2003 and 2007 amendments apply only to motions for foren-sic DNA testing filed on or after the effective 2003 and 2007 dates. *See* Act of Apr. 25, 2003, 78th Leg., R.S., ch. 13, § 8, 2003 Tex. Gen. Laws 16, 17 and Act of May 24, 2007, 80th Leg., R.S., ch. 1006, § 5(b), 2007 Tex. Sess. Law. Serv. 3529, 3531. Because appellant filed his motion for forensic DNA testing on October 22, 2002, the original 2001 act applies to his proceeding and to our discussion on appeal. Throughout this opinion, all references to chapter 64 are to the 2001 law in effect at the time appellant filed his motion.

grants a motion for forensic DNA testing, the trial judge has authority to order the testing be done by the Department of Public Safety (DPS), a laboratory operating under contract with the DPS, or another laboratory. TEX.CODE CRIM. PROC. ANN. art. 64.03(c). If the judge orders "the forensic DNA testing be conducted by a laboratory other than a Department of Public Safety laboratory or a laboratory under contract with the department," the judge has the authority to order that certain testing requirements be met to ensure the integrity of the testing as well as the admissibility of the results of the testing. TEX.CODE CRIM. PROC. ANN. art. 64.03(d)(1), (2). After examining the results of the forensic DNA testing, the trial judge has the authority to and, in fact, is required to "hold a hearing and make a finding as to whether the results are favorable to the convicted person." TEX.CODE CRIM. PROC. ANN. art. 64.04. Finally, the trial judge may order the appearance of witnesses involved in the testing if their appearance is deemed necessary for the trial judge to make article 64.04 findings. *See Patrick*, 86 S.W.3d at 595. Therefore, chapter 64 provides that, following the grant of a motion for forensic DNA testing, the trial judge retains authority over the proceeding until the proceeding terminates.

In this case, the trial judge granted appellant's motion for forensic DNA testing in October 2002. When the State filed a motion seeking to set aside the order, the trial judge granted the motion and set aside the October 2002 order. Because appellant's chapter 64 proceeding had not yet terminated at the time the trial judge considered the State's motion, the trial judge had the authority to set aside the October 2002 order. Appellant's contention to the contrary lacks merit. We overrule appellant's first issue.

In his second issue, appellant claims the trial court's August 2006 order "does not substantially comply with the requirements of chapter 64." Specifically, appellant claims the August 2006 order denying his motion for forensic DNA testing "makes no clear and precise findings" and that this is contrary to the specific mandate of article 64.03. Appellant also complains that the "trial court employed a pleading-based procedure in this case."

■ Initially, we consider whether we have jurisdiction over appellant's second issue. Under the law in effect at the time, appellant was allowed to appeal "a finding under Article 64.03 or 64.04." TEX.CODE CRIM. PROC. ANN. art. 64.05. An appeal of any other issue "does not fall within the purviews of Article 64.03 or 64.04 and is therefore not reviewable on appeal under Article 64.05." *Wolfe v. State*, 120 S.W.3d 368, 371 (Tex.Crim.App.2003) (addressing whether appellate court had jurisdiction to review trial court's denial of appellant's request to appoint DNA expert). Appellant's complaints that the trial judge did not hold an evidentiary hearing or set forth written findings of why she denied his motion for forensic DNA testing do not fall within the confines of "a finding under Article 64.03 or 64.04" and, therefore, we conclude we lack jurisdiction to consider these arguments.

■ Even were we to assume we had jurisdiction to consider appellant's complaints under this issue, we would nevertheless reject his complaints. Article 64.03 provides that a convicting court may order forensic DNA testing only if the court finds (i) the evidence still exists, is in a condition making DNA testing possible, and has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and (ii) identity was or is an issue in the case.

TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(1). Nothing in article 64.03 or the rest of chapter 64 requires the trial judge to make written findings when denying a defendant's motion for forensic DNA testing. With respect to appellant's second argument, we note a defendant is not entitled to a hearing under article 64.03. *Whitaker v. State,* 160 S.W.3d 5, 8 (Tex.Crim.App. 2004); *Rivera v. State,* 89 S.W.3d 55, 59 (Tex.Crim.App.2002). Therefore, if we had jurisdiction, we would reject appellant's second issue on the merits. We dismiss appellant's second issue.

■ In his third issue, appellant claims he received ineffective assistance of counsel during the chapter 64 proceeding. This Court has previously addressed this precise issue and has concluded that "because there is no constitutional right to counsel in a Chapter 64 proceeding, there is no constitutional right to effective assistance of counsel." *Hughes v. State,* 135 S.W.3d 926, 928 (Tex.App.-Dallas 2004, pet. ref'd). Thus, appellant may not raise an ineffective assistance of counsel claim in this appeal. We overrule appellant's third issue.

We affirm the trial court's order.