Affirmed and Memorandum Opinion filed November 25, 2008








Affirmed
and Memorandum Opinion filed November 25, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00934-CR

_______________

 

MARK LOMAX, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 907028

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant
Mark Lomax challenges the trial court=s denial of his motion for
post-conviction DNA testing.  He also complains that he received ineffective
assistance of counsel at the hearing on his motion.  We affirm.

I.  Background








In 2003,
appellant was convicted of felony murder and sentenced to 55 years= confinement in the Texas Department
of Criminal Justice, Institutional Division.  The felony murder offense was
predicated on the felony offense of driving while intoxicated.  His conviction
was affirmed by the Tenth Court of Appeals.  Lomax v. State, No.
10-03-00156-CR, 2006 WL 871723, at *1 (Tex. App.CWaco March 29, 2006), aff=d 233 S.W.3d 302 (Tex. Crim. App. 2007).  In September
2007, he filed a motion requesting DNA testing of any evidence in the State=s possession containing biological
material.

The
State filed a response opposing appellant=s motion, asserting that appellant
failed to carry his burden to show that identity was or is an issue in the case
and therefore did not meet the requirements of article 64.03 of the Texas Code
of Criminal Procedure.  The trial court denied appellant=s motion, finding that appellant
failed to establish that (a) identity was or is an issue and (b) he would not
have been convicted if exculpatory results had been obtained through DNA
testing, as required by article 64.03.  Appellant timely filed this appeal.

II.  Issues Presented

In his
first issue, appellant argues the trial court erred in finding that he failed
to show a reasonable probability exists that he would not have been prosecuted
or convicted if exculpatory results had been obtained through DNA testing.  In
his second issue,  appellant complains that he received ineffective assistance of
counsel at the hearing on his motion for DNA testing.

III.  Analysis

A.        Denial of Appellant=s Motion for DNA Testing








We
review a trial court=s decision to deny a motion for post-conviction DNA testing
under a bifurcated standard of review.  Rivera v. State, 89 S.W.3d 55,
59 (Tex. Crim. App. 2002).  We afford almost total deference to the trial court=s determination of issues of
historical fact and the application of law to the fact issues that turn on an
evaluation of credibility and demeanor.  Id.  But where, as here, the
trial record and affidavit of appellant are the only sources of information
supporting the motion, the trial court is in no better position than we are to
make its decision, and we review the issues de novo.[1] 
See Smith v. State, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005).

On the
motion of a convicted person, a court may order forensic DNA testing of
evidence only if the court finds (1) evidence, which has been subjected to a
sufficient chain of custody to establish its integrity, exists in a condition
making DNA testing possible; (2) identity was or is an issue in the case;
and (3) the defendant establishes by a preponderance of the evidence that (a)
he would not have been convicted if exculpatory results had been obtained
through DNA testing, and (b) the request for DNA testing is not made to
unreasonably delay the execution of his sentence or interfere with the
administration of justice.  Tex. Code
Crim. Proc. Ann. art. 64.03(a) (Vernon Supp. 2008).  Such a motion must
be accompanied by an affidavit containing facts in support of the motion.  See
id. art. 64.01(a).








In his
motion, appellant offered no facts regarding his conviction.  Instead, his
motion simply tracked the language of the statute.  In his affidavit, appellant
averred that he is innocent of the underlying offense without explaining how
genetic evidence would exculpate him or otherwise providing facts in support of
his motion.[2]  See id. 
Appellant cites Smith v. State for the proposition that a claim of
actual innocence, coupled with a judicially-noticed trial record, may be
sufficient to meet the requirements of Chapter 64, thus warranting DNA
testing.  165 S.W.3d 361, 364B65 (Tex. Crim. App. 2005).  Smith, however, is
distinguishable in several respects.  








First,
as noted above, appellant made no factual assertions in his motion.  In his
affidavit, he averred that he was innocent and he Abelieved@ biological material had been
collected in his case.  In contrast, the appellant in Smith included
numerous factual assertions in his affidavit, such as the fact that he was
convicted of aggravated sexual assault and biological material secured by law
enforcement officials existed that could be subjected to DNA testing.  Id.
at 362.  Here, it is unclear what, if any,Abiological materials@ were collected in this case.[3] 
Appellant did not specify the Abiological materials@ he wished to have tested.  Cf.
Dinkins v. State, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002) (upholding the
denial of appellant=s motion for DNA testing in part because it was unclear what
evidence the appellant wanted tested and he did not provide any facts to
clarify this issue). The only guidance provided is in appellant=s brief, in which he states, AApparently, the appellant is
suggesting that he was not intoxicated, the results of the blood test were
inaccurate and he did not cause the accident.@  But appellant has not explained how
DNA testing of any biological material would show he was not intoxicated
or that any blood test results from his original conviction were inaccurate.[4]  


In sum,
appellant has not established, by a preponderance of the evidence, that he
would not have been convicted if exculpatory results had been obtained through
DNA testing.[5]  We therefore
overrule his first issue.  

B.        Ineffective Assistance of
Counsel








In his
second issue, appellant asserts that his counsel was ineffective for failing to
request a court reporter to record the hearing on his DNA motion.  But the
record does not reflect that a hearing was conducted on appellant=s motion.  Moreover, nothing in
Chapter 64 requires the trial court to conduct a hearing to determine whether a
defendant is entitled to DNA testing.  Whitaker v. State, 160 S.W.3d 5,
8 (Tex. Crim. App. 2004).  A hearing is only required after the trial
court examines the results of any DNA testing.  See Tex. Code Crim. Proc. Ann. art. 64.04
(Vernon Supp. 2007).  Counsel can hardly be considered ineffective for failing
to request a court reporter for a hearing that did not occur.[6] 
Under these circumstances, we overrule appellant=s second issue.

IV.  Conclusion

Having
overruled appellant=s two issues, we affirm the trial court=s denial of appellant=s motion for post-conviction DNA
testing.

 

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed November 25, 2008.

Panel consists of Chief Justice
Hedges, Justices Guzman, and Brown.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  The reporter=s record from appellant=s trial has not been included in our appellate record, nor does the
record reflect that the trial court was asked to take judicial notice of it. 
Neither appellant nor the State requested the inclusion of the reporter=s record in our appellate record.  But as discussed infra,
appellant=s failure to meet the requirements of Chapter 64 is
apparent without reviewing the reporter=s
record from appellant=s trial.





[2]  Appellant=s affidavit provides, in its entirety, as follows:

My name is Mark Lomax, and I am the Defendant in cause number 907028,
in the 232nd District Court of Harris County, Texas.  I was convicted by a jury
in this case, but I am innocent.  I did not commit this crime.  I believe that
there was biological material collected in this case.  If this evidence is
properly compared to my DNA, then I will be able to prove my innocence since I
did not commit this offense.  If proper DNA testing would have been done on the
evidence before my trial, the tests would have shown that I did not commit this
crime.  I feel that through proper DNA testing, I can now show that I am
innocent.  This is the first time I have requested that the evidence be tested
for DNA purposes.





[3]  In his brief,
appellant states, AClearly, if the appellant=s DNA [] did not match the DNA in the blood sample
taken at the hospital, which revealed a blood alcohol level [of] .277,
there would be insufficient proof that the appellant was intoxicated, and he
would not have been convicted of Felony Murder with D.W.I. as the underlying
felony.@  (emphasis added).   But nothing in our record
indicates that any blood sample taken by the hospital was in possession of the
State during the trial of his offense.  See Tex. Code Crim. Proc. Ann. art. 64.01(b) (AThe motion may request DNA testing only of evidence .
. . that was secured in relation to the offense that is the basis of the
challenged conviction and was in the possession of the [S]tate during
the trial of the offense . . . .@
(emphasis added)).





[4]  In this case,
as in Smith, biological evidence was obtained after an offense.  In Smith,
however, the offense at issue was aggravated rape.  164 S.W.3d at 361. 
Biological evidence frequently is collected to provide genetic identification
of the perpetrator in cases involving sexual assault.  Here, however, appellant
was convicted of felony murder in the course of driving while intoxicated.  See
Lomax, 2006 WL 871723, at *1.  The nature of this offense, i.e.
causing the death of an occupant of a vehicle by striking it with another
vehicle while intoxicated, is one in which biological evidence may be collected
to establish the presence and concentration of alcohol or drugs in the driver=s bloodstream.  Although the present case and Smith
both concern tests of biological evidence, the tests involved are readily
distinguishable.  Unlike the circumstances presented in Smith, the
appellant in this case has not shown that his identity as the perpetrator of
the offense is at issue such that genetic evidence gathered from biological
samples might be exculpatory.  Moreover, appellant has cited no evidence that
blood drawn from him at the hospital after the accident was ever in the State=s possession.





[5]  Further,
appellant=s motion and affidavit do not meet the requirements of
article 64.01.  See Tex. Code
Crim. Proc. Ann. art 64.01(a) (AA
convicted person may submit to the convicting court a motion for forensic
testing of evidence containing biological material.  The motion must be
accompanied by an affidavit, sworn to by the convicted person, containing
statements of fact in support of the motion.@ (emphasis added)).





[6]  Several other
intermediate courts of appeals have concluded that a claim of ineffective
assistance of counsel is not cognizable in Chapter 64 proceedings.  See,
e.g., Dixon v. State, 242 S.W.3d 929, 933 (Tex. App.CDallas 2008, no pet.) (concluding that such a claim is
unavailable in a Chapter 64 DNA appeal); Hooks v. State, 203 S.W.3d 861,
864B65 (Tex. App.CTexarkana
2006, pet. ref=d) (same); Morris v. State, 110 S.W.3d 100, 103
(Tex. App.CEastland 2003, pet. ref=d) (same); In re Beasley, 107 S.W.3d 696, 697 (Tex. App.CAustin 2003, no pet.) (same).  But see Ard
v. State, 191 S.W.3d 342, 345B46
(Tex. App.CWaco 2006, pet. ref=d)
(holding that ineffective assistance of counsel may be raised in Chapter 64
appeal, but concluding that appellant had not established he was prejudiced by
any alleged ineffective assistance).