Opinion filed August 18, 2016



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00217-CR

_____

## CATARINO MIRELES RODRIGUEZ, SR., Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. 10838**

## M E M O R A N D U M   O P I N I O N

Catarino Mireles Rodriguez, Sr. appeals the trial court's order denying his motion for postconviction DNA testing. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01–.05 (West 2006 & Supp. 2016). In a single issue, he contends that the trial court committed procedural error by not conducting a hearing on his motion and by not making written findings in ruling on the motion. Appellant also contends that the trial court erred in denying his motion. We affirm.

Appellant was convicted of aggravated sexual assault of a child younger than fourteen years of age. The jury assessed his punishment at confinement for fifty

years. We affirmed his conviction in an opinion and judgment issued in 2000. *Rodriguez v. State*, No. 11-00-00167-CR, 2000 WL 34234441 (Tex. App.—Eastland Dec. 13, 2000, no pet.) (not designated for publication). As we noted in our prior opinion:

> The record shows that, on the morning of June 8, 1999, after the victim's parents went to work, appellant entered the victim's house and sexually assaulted her. The assault was interrupted by the victim's brother, Luis Otero, Jr., who chased appellant from the house and caught him outside.

*Id.* at *1.

In 2014, Appellant filed a motion for postconviction DNA testing. Appellant alleged in the motion that DNA testing of biological materials on his shorts and from the victim would demonstrate his actual innocence. The State filed a written response to the motion. The State asserted that postconviction DNA testing was unnecessary because identity was not an issue at trial. In support of this proposition, the State attached a copy of this court's 2000 opinion affirming Appellant's conviction. The trial court entered a written order denying Appellant's motion. In doing so, the trial court did not conduct a hearing on the motion and did not make written findings on the matters raised in the motion.

"Under Chapter 64, a 'convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material.'" *State v. Swearingen*, 478 S.W.3d 716, 720 (Tex. Crim. App. 2015) (quoting former CRIM. PROC. art. 64.01(a–1)—the version that applies to this case). However, the convicting court can only order this testing if five requirements are met:

> (1) "the court finds that the evidence still exists and is in a condition making DNA testing possible";

> (2) "the court finds that the evidence has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect";

2

(3) "the court finds that identity was or is an issue in the case";

(4) "the convicted person establishes by preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing"; and

(5) "the convicted person establishes by preponderance of the evidence that the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice."

*Id.* (quoting former CRIM. PROC. art. 64.03(a)).

We will first address Appellant's procedural complaints. A trial court is not required to conduct a hearing on a convicted person's motion for DNA testing. *Whitaker v. State*, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004) ("Nothing in Chapter 64 requires the trial court to conduct a hearing . . . ."). Furthermore, Chapter 64 does not require the trial court to make written findings when denying a defendant's motion for forensic DNA testing. *Dixon v. State*, 242 S.W.3d 929, 933 (Tex. App.—Dallas 2008, no pet.). Accordingly, we conclude that Appellant is not entitled to a remand for either a hearing or the entry of written findings denying his motion.

We also conclude that Appellant did not satisfy his burden to show that he was entitled to postconviction DNA testing. A defendant seeking postconviction DNA testing must show by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained from DNA testing. *Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008) (citing Article 64.03(a)(2)(A)). We review de novo whether a reasonable probability exists that exculpatory DNA results would prove innocence. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).

"The identity requirement in Chapter 64 relates to the issue of identity as it pertains to the DNA evidence." *Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008). To be entitled to the testing, the convicted person must demonstrate

3

that the DNA testing would determine the identity of the perpetrator or would exculpate the accused. *Id.* "The bottom line in post-conviction DNA testing is this: Will this testing, if it shows that the biological material does not belong to the defendant, establish, by a preponderance of the evidence, that he did not commit the crime as either a principal or a party?" *Ex parte Gutierrez*, 337 S.W.3d 883, 900 (Tex. Crim. App. 2011).

Our recitation in the prior appeal of the underlying facts reveals that Appellant was caught in the act of sexually assaulting the child victim. Appellant was known by the victim's family. When the victim's brother caught Appellant sexually assaulting his sister, he chased Appellant out of the family's home. Upon catching Appellant, the victim's brother physically assaulted Appellant. Identity was not an issue in the underlying trial. Instead, the issue for the jury to determine focused on the nature of Appellant's conduct with the child victim.

Appellant was not entitled to DNA testing because his identity was not at issue. *See Prible*, 245 S.W.3d at 470. Accordingly, the trial court did not err in denying Appellant's motion for DNA testing. We overrule his sole issue.

*This Court's Ruling*

We affirm the order of the trial court denying Appellant's motion for postconviction DNA testing.


JOHN M. BAILEY
JUSTICE

August 18, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4