**Charles Daniel THACKER, Appellant,**

v.

**The STATE of Texas.**

**No. AP–75286.**

Court of Criminal Appeals of Texas.

Nov. 7, 2005.

Richard Bourke, Houston, for Appellant.

Jack Roady, Asst. District Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## *OPINION*

PER CURIAM.

Appellant was convicted of capital murder and sentenced to death on May 8, 1994. We affirmed his conviction and sen-

tence on direct appeal, and the mandate for that affirmance issued on February 7, 1997. We denied habeas relief December 19, 2001. On October 13, 2005, appellant filed an application for post-conviction DNA testing. The trial court denied relief, finding, among other things, that appellant failed to establish that the request for DNA testing was not made to unreasonably delay the execution of sentence or the administration of justice. Appellant filed an appeal, which was received by this Court on November 3, 2005. Appellant is scheduled to be executed on November 9, 2005. He seeks a stay of that execution to allow his counsel adequate time to prepare briefing on appeal, or in the alternative, "an accelerated briefing schedule, requiring the State to submit any reply brief and to have the matter considered by the Court immediately." Appellant has submitted an "interim brief" and the State has submitted a reply.

█ To obtain relief under Chapter 64, the convicted person must "establish[ ] by a preponderance of the evidence" that "the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice."[1] The trial court's finding that appellant failed to do so is supported by the record. Chapter 64, authorizing motions for DNA testing, has been in effect since April 5, 2001.[2] Appellant waited over four years to file his motion, and that motion was filed less than a month before his scheduled execution.

█ Appellant claims that his failure to file the motion was excused by the pendency of his federal application for writ of habeas corpus, which was finally disposed of on October 3, 2005. He asserts that "habeas counsel was clearly of the view that the two-forum rule would not permit a dual filing in state and federal court." But nothing legally prevented appellant from filing a motion for DNA testing during the pendency of his federal habeas proceedings. Unlike a state application for writ of habeas corpus, a motion for DNA testing cannot, by itself, result in relief from a conviction or sentence. It is simply a vehicle for obtaining a certain type of evidence, which might then be used in a state or federal habeas proceeding. Moreover, appellant does not assert that he made any attempt to ascertain whether a dual filing would be permitted—such as seeking leave from federal court to file a Chapter 64 motion, and appellant does not allege that he attempted to procure an abatement of federal proceedings to file a Chapter 64 motion, despite the fact that he now contends that DNA testing would provide him with crucial exculpating evidence.

Appellant also contends that the technology required for the testing he seeks did not become available until 2002 (Y–STR testing) and 2004 (laser microdissection). But appellant did not file a motion for DNA testing in 2002, 2003, or 2004. He waited until October of 2005, when his execution was imminent.

Appellant's motion for stay of execution is denied. We grant his motion to have the appeal considered immediately. Having considered his appeal based upon his "interim" brief and the State's reply, and having found that the trial court's finding regarding unreasonable delay is supported by the record, we conclude that there was no reversible error in the proceedings below. We affirm the trial court's judgment.

PRICE, J., did not participate.

---

**1.** Tex.Code Crim. Proc., Art. 64.03(a)(2)(B).

**2.** *See* Acts 2001, 77th Leg., ch. 2.