IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00034-CR

 

Doyle Sherman Ard,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 249th
District Court

Johnson County, Texas

Trial Court No. F33777

 



O p i n i o n



 








            Doyle Sherman Ard appeals
the denial of his motion for forensic DNA testing.  In one issue, he asserts
that he was denied effective assistance of counsel in his appointed counsel’s
representation on his Chapter 64 motion.

Background

Ard was convicted of aggravated assault
with a deadly weapon and was sentenced to forty years in prison.  We affirmed
the conviction in an unpublished opinion.  See Ard v. State, No.
10-00-00283-CR (Tex. App.—Waco Oct. 30, 2002, pet. ref’d, untimely filed) (not
designated for publication).  In this case, the victim testified that he and
Ard were drinking one evening when Ard put a gun to the victim’s head.  The
victim tried to grab the gun, which went off and shot the victim’s finger.  As
the victim ran away, Ard shot a second time, grazing the victim’s arm.

In this proceeding, Ard filed a motion
for appointment of counsel under Chapter 64 of the Code of Criminal Procedure. 
In the motion, Ard expressed a desire for post-conviction DNA testing.  The
trial court appointed counsel to represent Ard.  Treating the motion for
appointment of counsel as a motion for post-conviction DNA testing, the trial
court held a hearing to determine the merits of the “motion.”  Ard was not
present for the hearing.  His appointed counsel admitted that she could not
tell from Ard’s “motion” what he wanted to test or what he hoped the test would
show.[1] 
She also admitted to the court that she had not yet received a response to her
letter to Ard asking for more information.  Nevertheless, she elected to “stand
on his motion and ask what he asks.”  The trial court denied the pro se “motion”
that Ard had filed.  This appeal followed, with Ard assuming that he had a
right to effective assistance of counsel and asserting that his appointed
counsel was ineffective.

 

Chapter 64:  Post-Conviction DNA Testing

Chapter 64 of the Texas Code of
Criminal Procedure provides a procedural vehicle for a convicted person to
request the convicting court to order post-conviction DNA testing of evidence
containing biological material under narrow circumstances.  See Tex. Code Crim. Proc. Ann. arts.
64.01-.05 (Vernon Supp. 2005).  This vehicle allows a convicted person to
obtain a certain type of evidence that can then be used in a state or federal
habeas corpus proceeding.  Thacker v. State, 177 S.W.3d 926, 927 (Tex. Crim. App. 2005).  The purpose of Chapter 64 is to allow a convicted person the
procedural means to obtain DNA evidence to prove that he or she is innocent and
would not have been convicted.  Kutzner v. State, 75 S.W.3d 427, 438-39
(Tex. Crim. App. 2002) (discussing Chapter 64’s legislative history); Tex. Code Crim. Proc. Ann. art.
64.03(a)(2)(A) (court may order DNA testing if convicted person establishes by
preponderance of the evidence that person would not have been convicted if
exculpatory results had been obtained through DNA testing); id. art. 64.04
(court to examine test results and make finding “whether, had the results been
available during the trial of the offense, it is reasonably probable that the
person would not have been convicted”).

            Under Chapter 64, the
convicted person is entitled to appointed counsel if the person informs the
court that the person wishes to submit a motion for DNA testing, the court
finds reasonable grounds for the motion, and the court determines that the
person is indigent.[2] 
Tex. Code Crim. Proc. Ann. art.
64.01(c).  But despite this statutory right to counsel and the trial court’s
appointment of counsel for Ard, the State argues that several intermediate Texas courts have held the convicted persons do not have a right to effective assistance of
counsel in Chapter 64 proceedings and that Ard has no such right.  We decline
to follow those courts.  Instead, we hold that the statutory right to counsel
includes a due-process right that the representation be effective.

Right to Effective Assistance of Counsel

            While there is a statutory
right to counsel under Chapter 64, there is no federal or state constitutional
right to counsel in a Chapter 64 proceeding.  Id.; Winters v. Presiding
Judge, Crim. Dist. Ct. No. 3, Tarrant County, 118 S.W.3d 773, 774 (Tex.
Crim. App. 2003).  The Court of Criminal Appeals has not decided whether an
appellant may raise a claim of ineffective assistance of counsel arising from a
Chapter 64 hearing.  See Bell v. State, 90 S.W.3d 301, 307 (Tex. Crim.
App. 2002) (assuming that ineffective-assistance claim may be raised but
holding that record did not establish ineffective assistance).  Most recently, that
court stated:

Although
we need not decide whether another remedy is available in a case in which a
convicted person did not receive adequate assistance of counsel in a Chapter 64
proceeding, we may observe that, in some cases, a convicted person may get
relief from defective representation by counsel through appeal under that
chapter.  We also see that Chapter 64 does not prohibit a second, or
successive, motion for forensic DNA testing, and that a convicting court may
order testing of material that was not previously tested “through no fault of
the convicted person, for reasons that are of a nature that the interests of
justice require DNA testing.”

 

Baker v. State, --- S.W.3d ---, ---, 2006 WL 289122,
at *3 (Tex. Crim. App. Feb. 8, 2006) (quoting Tex.
Code Crim. Proc. Ann. art. 64.01(b)(1)(B) (emphasis added)); see also
Suhre v. State, --- S.W.3d ---, ---, 2006 WL 28915, at *1 (Tex. Crim. App. Feb. 8, 2006) (“it is conceivable that a convicted person who receives
ineffective assistance of counsel in a DNA proceeding may be entitled to relief
by way of a second DNA proceeding”).

            In our view, the Court of
Criminal Appeals has left open the issue of whether a convicted person has the
right to effective assistance of counsel in a Chapter 64 proceeding, which is
the precise issue before us.  Four of our sister courts, however, have held
that there is no constitutional right to effective assistance of counsel in a Chapter
64 proceeding.  See Hughes v. State, 135 S.W.3d 926, 928 (Tex.
App.—Dallas 2004, pet. ref’d); Morris v. State, 110 S.W.3d 100, 103
(Tex. App.—Eastland 2003, pet. ref’d); In re Beasley, 107 S.W.3d 696,
697 (Tex. App.—Austin 2003, no pet.); Frischenmeyer v. State, 2003 WL
21108262, at *2 (Tex. App.—Texarkana May 16, 2003, no pet.) (not designated for
publication).  These courts reasoned that the Court of Criminal Appeals has analogously
held that there is no constitutional right to effective assistance of counsel
in a post-conviction habeas corpus proceeding, even though a statute provided
for appointment of habeas counsel.  See Ex parte Graves, 70
S.W.3d 103, 110, 113 (Tex. Crim. App. 2002) (“[a]bsent such a constitutional
right to counsel, there can be no constitutional right to effective assistance
of counsel in a habeas proceeding. . . .  we decline to turn a legislative act
of grace into a constitutional right.”).  A Chapter 64 proceeding itself,
however, is not a post-conviction collateral attack.  Thacker, 177
S.W.3d at 927 (“Unlike a state application for writ of habeas corpus, a motion
for DNA testing cannot, by itself, result in relief from a conviction or
sentence.”); see also Baker, --- S.W.3d at ---, 2006 WL 289122, at *1-2
(discussing that favorable result from DNA testing under Chapter 64 has no
effect on conviction but may be used in a post-conviction habeas corpus).  But
see Beasley, 107 S.W.3d at 697 (“Although these holdings were made in the
context of post-conviction habeas corpus proceedings, they are equally
applicable to a post-conviction request for forensic DNA testing under chapter
64, which is another form of collateral attack.”).

            Moreover, in Graves, the habeas applicant was claiming that his original habeas counsel was
ineffective in failing to include several claims in the applicant’s original
writ, and the narrow issue before the court was “whether applicant is entitled
to have the merits of this ineffective assistance of prior habeas corpus claim
heard on a subsequent writ.”  Graves, 70 S.W.3d at 107.  In
holding that there is no constitutional right to effective assistance of
counsel on a writ of habeas corpus, a divided court rested its decision in part
on the concern of endless ineffective-assistance litigation:  “A claim of
ineffective assistance of the prior habeas counsel would simply be the gateway
through which endless and repetitious writs would resurrect.”  Id. at 115.  That concern is not present in Chapter 64 proceedings, as the Court of
Criminal Appeals has tacitly approved of a successive Chapter 64 proceeding as
a remedy for ineffective assistance.  See Baker,
--- S.W.3d at ---, 2006 WL 289122, at *3 (“Chapter 64
does not prohibit a second, or successive, motion for forensic DNA testing”); Suhre,
--- S.W.3d at ---, 2006 WL 28915, at *1 (“it is conceivable that a convicted
person who receives ineffective assistance of counsel in a DNA proceeding may
be entitled to relief by way of a second DNA proceeding”).

            We find the posture and rationale
of Graves to be inapposite to the issue before us, and we find Graves’s Chapter 64 progeny unpersuasive.  Whether a convicted person has the right
to effective assistance of counsel in a Chapter 64 proceeding comes down to one
of two propositions:  either we accept the notion that the absence of a
constitutional right to counsel precludes a right to an effective assistance of
counsel claim in a Chapter 64 proceeding, or we accept the proposition that the
right to counsel—constitutional or statutory—is meaningless if effective
assistance is not guaranteed.  We accept the latter because we hold that due
process compels it. 

In a parental-rights termination case,
we held that “a statutory right to counsel in a termination case includes a
due-process right that the representation be effective.”  In re B.L.D.,
56 S.W.3d 203, 212 (Tex. App.—Waco 2001), rev’d on other grounds, 113
S.W.3d 340 (Tex. 2003).[3] 
The Fort Worth court, agreeing with our opinion in B.L.D., expounded on
an indigent person’s due-process right to effective assistance of counsel.  In
re K.L., 91 S.W.3d 1, 4-13 (Tex. App.—Fort Worth 2002, no pet.).  Under the
due-process analysis set out and applied in K.L., we conclude that the statutory
right to appointed counsel in a Chapter 64 proceeding includes a due-process
right to effective assistance of counsel.  See id.  We cannot conceive a
reason not to recognize this due-process right, considering the underlying
rationale of Chapter 64:  providing a procedural vehicle to obtain favorable DNA
evidence for the eventual establishment of a convicted person’s actual
innocence.[4]

 

Application

Having concluded that Ard had a right
to effective assistance of counsel, we turn to his claim that he received
ineffective assistance.  To determine whether counsel is effective, we apply
the standard set forth in Strickland v. Washington.  466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To establish a claim of ineffective
assistance of counsel, appellant must show that counsel’s assistance fell below
an objective standard of reasonableness and that counsel’s deficient
performance, if any, prejudiced the defendant.  Id. at 687, 104 S.Ct. at
2063.  Thus, even if we were to assume that Ard’s counsel’s performance was
deficient, we must also question whether his counsel’s ineffectiveness deprived
him of a fair hearing and prejudiced him.  Id. at 687, 104 S.Ct. at
2064; Bell, 90 S.W.3d at 307.  Ard must show there is a reasonable
probability that, but for counsel's unprofessional errors, the result of the
proceeding would have been different.  Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

A convicting court may order forensic
DNA testing under Chapter 64 only if the court finds, inter alia, that
evidence stills exists in a condition making DNA testing possible, that
identity was or is an issue in the case, and that the convicted person
establishes by a preponderance of the evidence that the person would not have
been convicted if exculpatory results had been obtained through DNA testing.  Tex. Code Crim. Proc Ann. art. 64.03(a)(1)(B),
(a)(2)(A).  The mere absence of the victim’s DNA material on the gun would not
establish Ard’s innocence by a reasonable probability.  And importantly, Ard does
not assert or show that identity was or is an issue in his case.  Because Ard
has not shown a reasonable probability that, but for his allegedly ineffective
counsel, the result would have been different, he cannot prevail on his
ineffective assistance of counsel claim.  Finding no prejudice, we overrule
Ard’s sole issue.

Conclusion

            In this case, we hold that
Ard was entitled to effective assistance of counsel in his Chapter 64
proceeding but that he cannot show prejudice from the alleged ineffective
assistance.  We therefore affirm the trial court’s denial of Ard’s motion.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

            (Chief
Justice Gray concurring)

Affirmed

Opinion
delivered and filed March 22, 2006

Publish

[CRPM]








 









    [1]           Ard
initially appealed pro se, but we abated the appeal so the trial court could
appoint appellate counsel.  Ard’s argument was that if the victim’s story was
true, blood from the victim’s finger would be sprayed, dripped, or smeared on
the weapon.  Ard contends that, if the gun were tested, absence of the victim’s
DNA would be exculpatory.  The State provided an affidavit stating that the gun
still exists.





    [2]           In
its original enactment, the statute required appointment of counsel for an
indigent person.  Act of April 5, 2001,
76th Leg., R.S., ch. 1, § 2, 2001 Tex. Gen. Laws 2.  In 2003, the statute was
amended to limit
the requirement of counsel to cases in which the court finds reasonable grounds
for a motion to be filed.  Act of May 9, 2003, 77th Leg., R.S.,
ch. 13, § 1, 2003 Tex. Gen. Laws 16 (codified at Tex. Code Crim. Proc. Ann. art. 64.01(c)).





   
[3]           The
Texas Supreme Court subsequently held that the statutory right to counsel in
parental-rights termination cases includes the right to effective counsel.  In
re M.S., 115 S.W.3d 534, 544 (Tex. 2003) (“we believe that ‘[i]t would seem
a useless gesture on the one hand to recognize the importance of counsel in
termination proceedings, as evidenced by the statutory right to appointed
counsel, and, on the other hand, not require that counsel perform
effectively’”).  The supreme courts of several other states have examined
statutes that provide a right to counsel and have held that the right to
counsel entails that such counsel be effective.  See Patchette v. State,
374 N.W.2d 397, 398 (Iowa 1985) (holding that statutory grant of
post-conviction applicant’s right to court-appointed counsel in proceeding
arising out of prison disciplinary hearings “necessarily implies that that
counsel be effective”); Dunbar v. State, 515 N.W.2d 12, 14-15 (Iowa
1994) (applying same rationale to the statutory grant of counsel for
post-conviction proceedings attacking conviction); Lozada v. Warden, 613
A.2d 818, 821-22 (Conn. 1992) (reasoning that statutory right to habeas counsel
“would become an empty shell if it did not embrace the right to have the
assistance of a competent counsel”); Jackson v. Weber, 623 N.W.2d 71, 74
(S.D. 2001) (“[W]e will not presume that our legislature has mandated some
useless formality requiring the mere physical presence of counsel as opposed to
effective and competent counsel”); Commonwealth v. Albert, 561 A.2d 736,
738 (Pa. 1989) (“It is axiomatic that the right to counsel includes the
concomitant right to effective assistance of counsel”).

 





    [4]           The
Court of Criminal Appeals recently stated that it has granted relief by
post-conviction writs of habeas corpus to convicted persons who have used
favorable forensic DNA test results to prove actual innocence.  Baker,
--- S.W.3d at ---, 2006 WL 289122, at *2 & n. 20 (citing Ex parte Karage, 2005 WL
2374440, AP-75,252 (Tex. Crim. App. Sept. 28, 2005) (not
designated for publication); Ex parte Sutton, AP-75,181 (Tex.
Crim. App. May 25, 2005) (not designated for publication); Ex parte Ochoa,
No. 74,246 (Tex. Crim. App. Sept. 19, 2001) (not designated for publication)).