IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,469





MAURICEO MASHAWN BROWN, Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL FROM CAUSE NO. 96-CR-5255-A


IN THE 186
TH JUDICIAL DISTRICT COURT


BEXAR COUNTY






 Per Curiam; Price and Johnson, JJ., not participating.


O P I N I O N



 Appellant was convicted of capital murder on May 6, 1997. We affirmed the
judgment and sentence on February 17, 1999. Brown v. State, No. AP-72,852 (Tex.
Crim. App. Feb. 1999)(not designated for publication). Appellant's initial application for
writ of habeas corpus, timely filed with the trial court, was considered by this Court and
relief was denied on March 7, 2001. Ex parte Brown, No. WR-48,437-01 (Tex. Crim.
App. Mar. 2001)(not designated for publication). Appellant's subsequent application for
writ of habeas corpus was dismissed by this Court on July 17, 2006. Ex parte Brown, No.
WR-48,437-02 (Tex. Crim. App. July 2006)(not designated for publication). 

 On June 29, 2006, appellant filed in the trial court an application for
post-conviction DNA testing. The trial court denied relief, and appellant filed an appeal
which was received by this Court on July 19, 2006. Appellant is scheduled to be executed
on this day. He seeks a stay of that execution pending a final disposition of his motion for
post-conviction DNA analysis under Chapter 64 of the Texas Code of Criminal
Procedure. The State filed a response to appellant's motion.

 To obtain relief under Chapter 64, the convicted person must establish by a
preponderance of the evidence that "the request for the proposed DNA testing is not made
to unreasonably delay the execution of sentence or administration of justice." Thacker v.
State, 177 S.W.3d 926, 927 (Tex. Crim. App. 2005). Appellant states in his motion for
testing that his request is not brought for the purposes of delay. However, appellant
provides no support for this statement. Chapter 64, authorizing motions for DNA testing,
has been in effect since April 5, 2001. Appellant has waited years to file his motion, and
then filed it less than a month before his scheduled execution. See id.

 Appellant also contends that "newer testing techniques" exist that might provide
more accurate and probative results. However, the testimony at the hearing on appellant's
motion belies the implication that he intends to use these "newer testing techniques." In
fact, the testimony indicates that the testing sought would utilize long-used techniques to
test evidence that could have been tested years ago.

 Appellant's motion for stay of execution is denied. His "Notice of Accelerated
Appeal" is accepted, and his appeal is considered immediately. Having considered his
appeal based upon the trial court's denial of his motion for DNA testing, the State's
response, the testimony given at the hearing on appellant's motion, and the trial court's
ruling, we conclude that there was no reversible error in the proceedings below. 

 We affirm the judgment of the trial court. 

Delivered: July 19, 2006

Do Not Publish