**Affirmed and Memorandum Opinion filed October 20, 2011.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-10-01247-CR**
**NO. 14-10-01248-CR**

---

**LEROY E. JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 918837 & 918836**

---

## M E M O R A N D U M   O P I N I O N

Appellant Leroy Eugene Johnson appeals from two trial court orders denying his motions for post-conviction DNA testing. We affirm.

### Background

Appellant was convicted of possession with intent to deliver cocaine, and delivery of cocaine. This court affirmed his convictions in 2004. *Johnson v. State*, Nos. 14-03-00419-CR & 14-03-00420-CR; 2004 WL 414288 (Tex. App.—Houston [14th Dist.]

March 2, 2004, pet. ref'd). The underlying facts of appellant's conviction are as follows:

Houston Police Officers Sinai and Hicks were conducting an undercover investigation of drug trafficking. Around dusk, they approached Michael Newton, who was walking down a residential street, and asked him if he knew where they could buy cocaine. Newton directed the officers to park in front of a nearby residence where two or three men, including appellant, were standing in the driveway. Newton spoke to appellant who then appeared to go inside the house. After a few minutes, appellant returned to the driveway and handed something to Newton. Newton walked back to the officers with the object in his hand and handed two rocks of crack cocaine to Officer Sinai.

Officer Hicks used his radio to instruct additional officers to arrest appellant and Newton. An officer arrested appellant and advised him of his *Miranda* rights. In response to the officer's questions, appellant said he lived in the residence, which had been used for part of the drug transaction. He described where his bedroom was located in the house and signed a search consent form. Appellant produced a key to the front door. Once inside, appellant again specified the location of his bedroom. A narcotics detection dog alerted the officers to a jacket and a shoe box in appellant's closet. The officers found 10.6 grams of cocaine in the jacket, and a small amount of marijuana in the shoe box. In the bedroom, the officers also found a birth certificate, a GED certificate, and a statement of earnings, all containing appellant's name. A jury convicted appellant of delivery of cocaine and possession with intent to deliver cocaine.

In the appeal of his conviction, appellant challenged the legal and factual sufficiency of the evidence to support his conviction. *Johnson*, 2004 WL 414288 at *1. This court determined that there was legally and factually sufficient evidence to link appellant to the drugs, which were found in a jacket and a shoe box in appellant's bedroom in which he admitted he lived. *Id.* at *2.

On November 15, 2010, appellant filed motions for post-conviction DNA testing in which he requested DNA testing on the jacket, shoe box, and baggies in which the

2

cocaine was found. The trial court denied appellant's motions. On appeal, appellant complains that the trial court violated his due process rights under the United States and Texas Constitutions by denying his motions and his request for appointment of counsel.

## Chapter 64 and the Standard of Review

Under Texas Code of Criminal Procedure chapter 64, a convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material. Tex. Code Crim. Proc. Ann. art. 64.01(a). To order testing, the court must first find that identity was or is an issue in the case. *See id.* art. 64.03(a)(1). Moreover, the convicted person must establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing, and that the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice. *Id.* art. 64.03(a)(2).

An indigent convicted person who intends to file a motion for post-conviction DNA testing has a limited right to appointed counsel conditioned on the trial court's finding "that reasonable grounds exist for the filing of a motion." *Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010). Appointment of counsel in a post-conviction DNA proceeding is determined by three criteria: (1) defendant must inform the convicting court that he wishes to submit a motion for DNA testing; (2) the convicting court must find that "reasonable grounds" exist for filing a DNA motion; and (3) the convicting court must find that the movant is indigent. *Id.* If all of the prerequisites set out above are met, the convicting court must order testing. Then, after "examining the results of testing under Article 64.03, the convicting court must hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." Tex. Code Crim. Proc. Ann. art. 64.04. Exculpatory DNA testing results do not, by themselves, result in relief from a conviction or sentence. Chapter 64 is simply a procedural vehicle for obtaining certain evidence "which might then be used in a state or federal habeas proceeding." *Thacker v. State*, 177 S.W.3d 926, 927 (Tex. Crim. App. 2005).

In reviewing the trial court's Chapter 64 rulings, this court gives almost total deference to the court's findings of historical fact and application-of-law-to-fact issues that turn on witness credibility and demeanor, but we consider de novo all other application-of-law-to-fact questions. *Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008).

**Likelihood of Conviction if DNA Testing is Performed**

Appellant seeks to have DNA testing performed on the jacket, shoebox, and baggies in which the cocaine was found. Appellant claims that the finding that his DNA is not present on those items will prove his innocence. Our task under chapter 64 of the Code of Criminal Procedure is to determine whether a defendant would have been convicted in the event that DNA test results produce exculpatory evidence. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(2); *In re Morton*, 326 S.W.3d 634, 641 (Tex. Crim. App. 2010). For purposes of this inquiry, we assume the results of the DNA testing would prove favorable to appellant. *Routier v. State*, 273 S.W.3d at 257.

A convicting court may order forensic DNA testing under code of criminal procedure chapter 64 only if the convicted person establishes by a preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A). Therefore, we must determine whether there is greater than a 50% chance that appellant would not have been convicted if DNA testing demonstrated that his DNA was not on the jacket, shoebox, or baggies. *See Prible v. State*, 245 S.W.3d 466, 467–68 (Tex. Crim. App. 2008).

Reviewing the evidence from appellant's trial, there is not a greater than 50% chance that he would not have been convicted if DNA testing demonstrated that his DNA was not on the jacket, shoebox, and baggies. Two police officers testified that they witnessed appellant committing the delivery offense. The cocaine and marijuana were found in appellant's bedroom. The fact that appellant's DNA may not be on the items in which the drugs were found would not have changed the outcome of appellant's trial.

Considering all of the evidence, there is not a greater than 50% likelihood that the jury would have harbored a reasonable doubt as to appellant's guilt.

Appellant further contends that the trial court abused its discretion by refusing to appoint counsel to assist him in seeking post-conviction forensic DNA testing.

Article 64.01(c) provides that a trial court

> shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under [Chapter 64], the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent.

Tex.Code Crim. Proc. Ann. art. 64.01(c).

An indigent convicted person intending to file a motion for post-conviction DNA testing now has a limited right to appointed counsel. *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011). Though a convicted person need not prove entitlement (or a prima facie case of it) to DNA testing as a precondition for obtaining appointed counsel, whether "reasonable grounds" exist for testing necessarily turns on what is required for testing. *Id.* at 891. Basic requirements are that biological evidence exists, that evidence is in a condition that it can be tested, that the identity of the perpetrator is or was an issue, and that this is the type of case in which exculpatory DNA results would make a difference. Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i).

Because exculpatory DNA results would not have resulted in a greater than 50% chance that appellant would have been exonerated, he did not demonstrate reasonable grounds for the motion to be filed. Thus, the trial court was not required to appoint counsel to represent him. Appellant's issues on appeal are overruled.

The judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.

Do Not Publish — TEX. R. APP. P. 47.2(b).

5