

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00179-CR
_____

DAVID DURAN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 211th District Court
Denton County, Texas
Trial Court No. F-2003-0427-C

Before Birdwell, Bassel, and Wallach, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

In this appeal, we review the propriety of the trial court's denial of David Duran's pro se third motion for DNA testing[1] related to his 2003 conviction and life sentence for aggravated sexual assault. Duran contends (1) that the trial court erred by denying testing of blood taken from the complainant one month after the offense but several months before she reported the offense, (2) that his trial counsel was ineffective for failing to discover that the complainant's blood was drawn at the hospital and tested by a third-party laboratory, (3) that the evidence was nevertheless not discoverable before trial because the State failed to give him notice of the blood test's existence, (4) that his conviction is infirm because the complainant's and outcry witness's identifications of him were unreliable, (5) that he is actually innocent of one of the acts the State alleged in his original trial, and (6) that the State violated Code of Criminal Procedure Articles 38.39 and 38.43 and *Arizona v. Youngblood*, 488 U.S. 51, 109 S. Ct. 333 (1988), by failing to notify Duran about its plan to "destroy" the blood-test results.[2] We affirm.

---

[1]Duran appealed the trial court's denial of his first and second motions. We dismissed the appeal of the first motion as untimely, and we affirmed the trial court's denial of his second motion. *See Duran v. State*, No. 02-17-00405-CR, 2018 WL 3075030, at *3 (Tex. App.—Fort Worth June 21, 2018, pet. ref'd) (mem. op., not designated for publication); *Duran v. State*, No. 2-08-378-CR, 2009 WL 417287, at *1 (Tex. App.—Fort Worth Feb. 19, 2009, no pet.) (mem. op., not designated for publication).

[2]Duran appears to argue that the State was required to obtain and preserve the blood sample even though it was in the possession of a private laboratory.

We have jurisdiction to address only the arguments related to Duran's first complaint: whether the trial court erred by determining that Duran did not meet the statutory requirements for DNA testing under Code of Criminal Procedure Article 64.03. Tex. Code Crim. Proc. Ann. art. 64.03(a) (providing that convicting court may order DNA testing of particular evidence only if it finds that (a) the evidence still exists and is in a condition making DNA testing possible and it has been subjected to "a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect," (b) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing, (c) identity was or is an issue in the case, and (d) a preponderance of the evidence shows that the person would not have been convicted if exculpatory results had been obtained through DNA testing and the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice); *see Reger v. State*, 222 S.W.3d 510, 513 (Tex. App.—Fort Worth 2007, pet. ref'd) ("[T]he jurisdiction afforded us under chapter 64 does not extend to collateral attacks on the judgment of conviction or allow us to revisit matters that should have been addressed on direct appeal."); *Lopez v. State*, 114 S.W.3d 711, 714 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) (declining to address in Chapter 64 appeal complaints about nondisclosure of exculpatory evidence, ineffective assistance, and evidentiary sufficiency related to original trial); *see also Thacker v. State*, 177 S.W.3d 926, 927 (Tex. Crim. App. 2005) (noting that a motion for DNA testing cannot provide relief from a

3

conviction or sentence and is "simply a vehicle for obtaining a certain type of evidence, which might then be used in a state or federal habeas proceeding").

Duran's arguments related to the propriety of Chapter 64 testing are the same as those he asserted in his second motion: he challenges the trial court's implied findings that no biological material exists in a condition making DNA testing possible, and that even if such material existed, identity was not an issue in the original trial. But we are bound in this appeal by the law-of-the-case doctrine. *See State v. Swearingen*, 478 S.W.3d 716, 720 (Tex. Crim. App. 2015) ("Chapter 64 motions are also subject to the 'law of the case' doctrine."). Because the record does not contain any change in the law, facts, or circumstances since our June 21, 2018 opinion affirming the denial of Duran's second motion and the trial court's denial of Duran's third motion, we likewise overrule Duran's complaint in this appeal.[3] *See id.*; *Duran v. State*, No. 02-17-00405-CR, 2018 WL 3075030, at *2 (Tex. App.—Fort Worth June 21, 2018, pet. ref'd) (mem. op., not designated for publication).

As he did in the appeal related to his second DNA motion, Duran has filed numerous motions, some of which this court has ruled on and some of which are

---

[3]To the extent Duran cites new authority, it is inapposite. *See Williams v. Illinois*, 567 U.S. 50, 59–65, 132 S. Ct. 2221, 2229–32 (2012) (addressing whether testimony by state forensic specialist regarding results of testing by private laboratory violated appellant's Confrontation Clause rights).

now moot. To the extent we have not granted Duran relief on any pending motion, we deny them all.[4]

Having overruled the complaint that we have jurisdiction to address, we affirm the trial court's order denying Duran's third motion for DNA testing.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 5, 2019

---

[4]In an abundance of caution, we have reviewed the arguments in all five of Duran's filings purporting to be briefing in this case: two received on August 26, 2019; one received on September 16, 2019; and two received on September 23, 2019.