

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00117-CR

———————————————

DAVID DURAN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 211th District Court
Denton County, Texas
Trial Court No. F-2003-0427-C

Before Sudderth, C.J.; Bassel and Walker, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

In this appeal, we review the propriety of the trial court's denial of Appellant David Duran's pro se fourth motion for DNA testing[1] related to his 2003 conviction and life sentence for aggravated sexual assault. Duran contends that (1) the trial court erred by denying testing of a cotton swab that, according to Duran, was used to obtain DNA from the victim's sexual organ and was swabbed onto a glass slide and sent to Quest Diagnostics;[2] (2) the victim said that she was threatened not to tell the police about the assault but went to the hospital where biological evidence was collected; (3) the in-court identification violated *Zani v. State*, 758 S.W.2d 233 (Tex.

---

[1]Duran appealed the trial court's denial of his previous three DNA motions. We dismissed the appeal of the first DNA motion as untimely, and we affirmed the trial court's denial of his second and third DNA motions. *See Duran v. State* (*Duran III*), No. 02-19-00179-CR, 2019 WL 6606173, at *2 (Tex. App.—Fort Worth Dec. 5, 2019, pet. ref'd) (per curiam) (mem. op., not designated for publication); *Duran v. State* (*Duran II*), No. 02-17-00405-CR, 2018 WL 3075030, at *3 (Tex. App.—Fort Worth June 21, 2018, pet. ref'd) (mem. op., not designated for publication); *Duran v. State* (*Duran I*), No. 2-08-378-CR, 2009 WL 417287, at *1 (Tex. App.—Fort Worth Feb. 19, 2009, no pet.) (per curiam) (mem. op., not designated for publication).

[2]The record reflects that an investigator with the Denton County District Attorney's Office contacted Quest Diagnostics in August 2008 regarding whether there was any biological evidence from the victim who had blood drawn about a month after the offense in 2002. The Quest Clinical Services Department told the investigator that if blood had been submitted for testing, then "after the required test[s] were done, the biological sample would [have] be[en] destroyed after seven days." Thus, Quest Diagnostics no longer had any biological evidence from the victim.

Crim. App. 1988); and (4) he needs a warrant to search Quest Diagnostics.[3] Because

we are bound by the law-of-the-case doctrine, we affirm.

We have jurisdiction to address only the arguments related to Duran's first

complaint: whether the trial court erred by determining that Duran did not meet the

statutory requirements for DNA testing under Code of Criminal Procedure Article

64.03. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a) (providing that convicting court

may order DNA testing of particular evidence only if it finds that (a) the evidence still

exists and is in a condition making DNA testing possible and it has been subjected to

"a chain of custody sufficient to establish that it has not been substituted, tampered

with, replaced, or altered in any material respect," (b) there is a reasonable likelihood

that the evidence contains biological material suitable for DNA testing, (c) identity

was or is an issue in the case, and (d) a preponderance of the evidence shows that the

person would not have been convicted if exculpatory results had been obtained

---

[3]Duran filed three motions that we ordered to be construed as supplemental briefs: "Question Presented" filed on October 27, 2020; "Motion to Present 'Questions Presented' in Appellant Brief No. 02-20-00117-CR" filed on November 3, 2020; and "David Duran Brief Federal Claims – Constitutional Claims" filed on November 3, 2020. The two "questions presented" documents list a total of twenty-three questions without any argument or authorities. Even assuming that such questions were adequately briefed, they do not expand what we have jurisdiction to review in this appeal as explained in more detail in the body of the opinion. *See generally* Tex. Code Crim. Proc. Ann. art. 64.03(a).

We have also reviewed Duran's "federal claims – constitutional claims," in which he contends that he was denied a fair DNA proceeding because he was deprived of access to DNA evidence. These contentions are similar to ones raised in the appeal from his third DNA motion. As set forth in our 2019 opinion, we lack jurisdiction to consider these contentions. *See Duran III*, 2019 WL 6606173, at *1.

through DNA testing and the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice); *see Reger v. State*, 222 S.W.3d 510, 513 (Tex. App.—Fort Worth 2007, pet. ref'd) ("[T]he jurisdiction afforded us under [C]hapter 64 does not extend to collateral attacks on the judgment of conviction or allow us to revisit matters that should have been addressed on direct appeal."); *see also Thacker v. State*, 177 S.W.3d 926, 927 (Tex. Crim. App. 2005) (noting that a motion for DNA testing cannot provide relief from a conviction or sentence and is "simply a vehicle for obtaining a certain type of evidence, which might then be used in a state or federal habeas proceeding").

Duran's arguments related to the propriety of Chapter 64 testing are similar to those he asserted in his second and third DNA motions: he challenges the trial court's implied findings that no biological material exists in a condition making DNA testing possible, and that even if such material existed, identity was not an issue in the original trial. But we are bound in this appeal by the law-of-the-case doctrine. *See State v. Swearingen*, 478 S.W.3d 716, 720 (Tex. Crim. App. 2015) ("Chapter 64 motions are also subject to the 'law of the case' doctrine."). Because the record does not contain any change in the law, facts, or circumstances since our December 5, 2019 opinion affirming the denial of Duran's third DNA motion and the trial court's denial

of Duran's fourth DNA motion, we likewise overrule Duran's complaint in this appeal.[4] *See id.*; *Duran III*, 2019 WL 6606173, at *2; *Duran II*, 2018 WL 3075030, at *2.

As he did in the appeals related to his second and third DNA motions, Duran has filed numerous motions—some of which this court has ruled on, some of which are moot, and some over which this court lacks jurisdiction to provide the requested relief.[5] To the extent we have not granted Duran relief on any pending motion, we deny them all.[6]

---

[4]Duran repeatedly cites *Williams v. Illinois* to support his argument that the United States Supreme Court has ruled that a "cotton swab is sufficient enough for DNA testing"; but as we stated in the appeal from the denial of his third DNA motion, that case is inapposite. *See* 567 U.S. 50, 59–65, 132 S. Ct. 2221, 2229–32 (2012) (addressing whether testimony by state forensic specialist regarding results of testing by private laboratory violated appellant's Confrontation Clause rights); *Duran III*, 2019 WL 6606173, at *2 n.3. Moreover, Quest Diagnostics represented that no such swabs exist in this case.

[5]For example, Duran filed a "Motion to Request for 'Judicial Review'" in which he argues that this court should declare that Governor Greg Abbott has abused his power by appointing "too many [R]epublican judges" to the court of appeals. As another example, in a letter dated March 4, 2021, and addressed to Retired Justice Lee Gabriel, Duran requests that he be granted early release on parole due to the COVID-19 pandemic.

[6]We note that on May 21, 2021, Duran filed a "Motion for Re-Hearing Appeal and Request En Banc." The motion's only reference to "en banc" states that this court could decide on its own to take the case en banc. We decline appellant's request for this court to take the appeal en banc on the court's own motion. The remainder of the motion does not make any arguments but merely states that the decision to deny a motion for DNA testing can be reviewed by the Texas Court of Criminal Appeals and by a writ of certiorari. To the extent that Duran has attempted to file a motion for rehearing before the opinion has issued, we deny the remainder of this motion as prematurely filed.

Having overruled the only complaint that we have jurisdiction to address, we affirm the trial court's order denying Duran's fourth motion for DNA testing.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 10, 2021