**Affirmed and Opinion Filed February 23, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00573-CR**

**No. 05-22-00574-CR**

**LAWRENCE ALLEN FULLER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F97-01742-J and F97-02170-J**

## MEMORANDUM OPINION

Before Justices Carlyle, Garcia, and Miskel
Opinion by Justice Miskel

Lawrence Allen Fuller, appearing pro se, appeals the trial court's order denying his pro se motion for DNA testing under chapter 64 of the Texas Code of Criminal Procedure. In one issue, he argues the evidence that he sought to have tested was destroyed in bad faith so the trial court should have granted him "some type of relief" instead of merely denying his motion. We conclude that we do not have jurisdiction over the issue raised by this appeal. The trial court's order denying Fuller's pro se motion for postconviction DNA testing is affirmed.

# I. PROCEDURAL BACKGROUND

Fuller was indicted for aggravated robbery with a deadly weapon (trial court cause no. F97-01742-J) and aggravated robbery of an elderly person (trial court cause no. F97-02170-J), and both were enhanced by two prior convictions. He had a jury trial in 1997. In the aggravated robbery with a deadly weapon case, the jury found him guilty, determined that he used a deadly weapon during the commission of the offense, found the enhancements true, and assessed his punishment at sixty-five years of imprisonment. In the aggravated robbery of an elderly person case, the jury found Fuller guilty, found the enhancements true, and assessed his punishment at forty-five years of imprisonment. Fuller appealed his convictions, and this Court affirmed the trial court's judgments. *Fuller v. State*, No. 05-97-02125-CR, 1999 WL 778274 (Tex. App.—Dallas Oct. 1, 1999, pet. ref'd) (mem. op., not designated for publication).

On July 16, 2017, Fuller filed a pro se motion requesting the appointment of counsel to assist him in obtaining an order for DNA testing pursuant to chapter 64 of the Texas Code of Criminal Procedure.[1] Specifically, Fuller sought DNA testing of a jacket and a paper sack containing credit cards. On August 19, 2021, the trial court construed his motion as both a request for counsel and a motion for DNA

---

[1] Fuller filed two petitions seeking a writ of mandamus related to his July 16, 2017 motion. *In re Fuller*, No. 05-21-01124-CV, 2022 WL 1164654 (Tex. App.—Dallas Apr. 20, 2022, original proceeding) (mem. op.); *In re Fuller*, No. 05-21-00674-CR, 2021 WL 4932136 (Tex. App.—Oct. 22, 2021, original proceeding) (mem. op.).

testing. On March 11, 2022, the State filed its response stating (1) the jacket was destroyed in 2006, and (2) the paper sack could not be located because it was either not stored as evidence or it was submitted with other evidence and destroyed. In support of its assertion, the State attached, among other things, an email from the felony records supervisor stating the database showed the evidence destroyed, observing there was no destruction order, and acknowledging the evidence should not have been destroyed.

On March 14, 2022, without a hearing, the trial judge signed an order denying Fuller's motion for postconviction DNA testing. The trial judge found (1) the trial exhibits were destroyed in 2006 and no longer available for DNA testing, and (2) the paper sack does not still exist in a condition making DNA testing possible, and it was not subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect. This appeal followed.

## II. POSTCONVICTION DNA TESTING

In issue one, Fuller argues the evidence he sought to have tested was destroyed in bad faith so the trial court should have granted him "some type of relief" instead of merely denying his motion for DNA testing. He contends that, as a result, his constitutional right to due process was violated when the State destroyed the evidence. The State responds that Fuller's due-process claim regarding the destruction of DNA evidence is not cognizable in a postconviction DNA testing

–3–

appeal and the trial court cannot order the State to test evidence that has been destroyed.

### A. Applicable Law

Jurisdiction concerns the power of a court to hear and determine a case; it is fundamental and cannot be ignored by a court. *See State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); *see also Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd). A court is obligated to consider *sua sponte* whether it has jurisdiction. *State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled in part on other grounds by State v. Medrano*, 67 S.W.3d 892, 894 (Tex. Crim. App. 2002); *see also Watson*, 96 S.W.3d at 500.

Jurisdiction must be vested in a court by constitution or statute. *Roberts*, 940 S.W.2d at 657; *see also Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Stated another way, in criminal cases, the standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). Article V, § 6 of the Texas Constitution provides that a court of appeals shall "have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6; *Chavez*, 132 S.W.3d at 510.

## 1. Postconviction DNA Testing

Under chapter 64 of the Texas Code of Criminal Procedure, a convicted person may request the convicting court to order postconviction DNA testing of evidence that was collected in relation to the offense and was in the State's possession during the trial of the offense but was not previously subjected to DNA testing. TEX. CODE CRIM. PROC. ANN. art. 64.01(a-1), (b)(1). To be entitled to such testing, certain statutory requirements must be met: (1) the evidence still exists and is in a condition making DNA testing possible; (2) the evidence has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or materially altered; (3) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; and (4) the perpetrator's identity was or is an issue in the case. *Id.* art. 64.03(a)(1).[2] There is no free-standing due-process right to DNA testing. *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011). And chapter 64 is not an invitation to review every potential error in the underlying trial proceedings; instead, it is simply a procedural vehicle for obtaining evidence, which might then be used in a state or federal habeas proceeding. *See Thacker v. State*, 177 S.W.3d 926, 927 (Tex. Crim. App. 2005).

---

[2] We note that the Texas Court of Criminal Appeals has recognized article 64.03(a)(2)(A) as unconstitutional. *Gutierrez v. State*, AP-77,102, 2022 WL 946165, at *2–3 & n.4 (Tex. Crim. App. Mar. 20, 2022).

Chapter 64 confers jurisdiction on courts of appeals to review a trial court's order denying postconviction DNA testing in any case in which the death penalty is not imposed.[3] CRIM. PROC. art. 64.05; *Whitfield v. State*, 430 S.W.3d 405, 408 n.11 (Tex. Crim. App. 2014) (citing *Swearingen v. State*, 189 S.W.3d 779, 781 (Tex. Crim. App. 2006)). Accordingly, chapter 64 does not confer jurisdiction on an appellate court to consider collateral attacks on the trial court's judgment or to review, under the guise of a DNA testing appeal, anything beyond the scope of those articles. *Reger v. State*, 222 S.W.3d 510, 513 (Tex. App.—Fort Worth 2007, pet. ref'd); *see also Rodriguez v. State*, No. 05-18-01273-CR, 2019 WL 3369751, at \*3 (Tex. App.—Dallas July 26, 2019, no pet.) (mem. op., not designated for publication). An appeal under article 64.05 is limited to a review of the trial court's rulings in the postconviction DNA proceedings. *Rice v. State*, No. 05-22-00135-CR, 2023 WL 128392, at \*4 (Tex. App.—Dallas Jan. 9, 2023, no pet.) (mem. op., not designated for publication).

### 2. Preservation of Evidence Containing Biological Material

Under article 38.43 of the Texas Code of Criminal Procedure, an attorney representing the state, clerk, or other officer in possession of biological evidence may destroy the evidence, but only if the attorney, clerk, or officer notifies by mail

---

[3] The Texas Court of Criminal Appeals has recognized that the text of article 64.05, which speaks only of procedures and does not address the substance of what may be appealed, does not provide clear guidance of what may be appealed in a chapter 64 proceeding. *Whitfield v. State*, 430 S.W.3d 405, 408 (Tex. Crim. App. 2014).

the defendant, the last attorney of record for the defendant, and the convicting court of the decision to destroy the evidence and a written objection is not received by a specified date. CRIM. PROC. art. 38.43(d);[4] *see also Hurley v. State*, No. 05-07-00597-CR, 2008 WL 2454675, at \*2 (Tex. App.—Dallas June 19, 2008, no pet.) (mem. op., not designated for publication); *Hurley v. State*, 05-06-00034-CR, 2006 WL 3528668, at \*1 (Tex. App.—Dallas Dec. 8, 2006, no pet.) (not designated for publication).

When the issue is the preservation of evidence containing biological material, article 38.43 does not provide for any relief by the lower court, nor authorize an appeal to a court of appeals. CRIM. PROC. art. 38.43; *Chavez*, 132 S.W.3d at 510; *Watson*, 96 S.W.3d at 500; *see also Hurley*, 2008 WL 2454675, at \*2; *Hurley*, 2006 WL 3528668, at \*1. Courts of appeals are without jurisdiction to address whether the State improperly destroyed DNA evidence. *Hurley*, 2008 WL 2454675, at \*2; *Hurley*, 2006 WL 3528668, at \*1.

### C. No Jurisdiction Over Fuller's Appeal

Fuller filed a notice of appeal of the trial court's chapter 64 order. However, on appeal, Fuller does not assert any trial court error with respect to that order or the chapter 64 proceedings. CRIM. PROC. art. 64.04; *Chavez*, 132 S.W.3d at 510; *Watson*, 96 S.W.3d at 500. Rather, Fuller contends his due-process and equal-

---

[4] Formerly article 38.39 of the Texas Code of Criminal Procedure.

protection rights were violated because material DNA evidence was destroyed in bad faith so the trial court should have granted him "some type of relief." However, Fuller does not identify the type of relief he believes the trial court should have granted. We construe Fuller's argument to complain that the evidence was destroyed in violation of article 38.43 of the Texas Code of Criminal Procedure. And, although Fuller does not designate his appeal as an application for a writ of habeas corpus, in effect his claim amounts to a request for habeas relief. *See Chavez*, 132 S.W.3d at 510.

Article 11.07 establishes the procedures for an application for writ of habeas corpus when the applicant seeks relief from a felony judgment imposing a penalty other than death. CRIM. PROC. art. 11.07. Under Texas Code of Criminal Procedure article 11.05, the Court of Criminal Appeals, the district courts, and the county courts have the power to issue writs of habeas corpus, but the courts of appeals are not designated as having jurisdiction to entertain or issue such writs. CRIM. PROC. art. 11.05; *Watson*, 96 S.W.3d at 500. Further, under § 22.221, a court of appeals does not have original habeas corpus jurisdiction in a felony case after final conviction. TEX. GOV'T CODE ANN. § 22.221(d).

The relief that Fuller seeks is outside the scope of an appeal from the denial of a motion for postconviction DNA testing. As a result, the only issue in this appeal falls outside of our jurisdiction under chapter 64. The Texas Court of Criminal

Appeals has sole jurisdiction over the issue raised by Fuller. *See* CRIM. PROC. art. 11.05, 11.07.

### III. CONCLUSION

This Court does not have jurisdiction over the issue raised by Fuller.

The trial court's order denying Fuller's pro se motion for postconviction DNA testing is affirmed.

/Emily Miskel/
<u>                                        </u>
EMILY MISKEL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220573F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LAWRENCE ALLEN FULLER,
Appellant

No. 05-22-00573-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. F97-01742-J.
Opinion delivered by Justice Miskel.
Justices Carlyle and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered February 23, 2023



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LAWRENCE ALLEN FULLER,
Appellant

No. 05-22-00574-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. F97-02170-J.
Opinion delivered by Justice Miskel.
Justices Carlyle and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered February 23, 2023